259 So.2d 340 (1972)
Donald CORMACK
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA.
No. 4821.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1972.
Rehearing Denied March 21, 1972.
Writ Refused May 11, 1972.
*341 Vial, Vial & Lemmon, Hahnville, for plaintiff-appellee.
Raymond J. Salassi, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant.
Before CHASEZ, REDMANN and BAILES, JJ.
CHASEZ, Judge.
Plaintiff, Donald Cormack, instituted these proceedings against defendant, the Prudential Insurance Company of America, to recover the sum of $1,653.00 allegedly owed by the defendant to the plaintiff under a group accident and health insurance *342 policy issued by defendant to the employees of Union Carbide and Carbon Corporation and their dependents.
Judgment in the 29th Judicial District Court, Parish of St. Charles, was rendered in favor of plaintiff against defendant for the sum of $1,322.40 with legal interest. The court further ordered defendant to pay expert fees of Dr. Carroll L. Wood, III in the sum of $150.00 and those of Dr. Peter L. Glaser in the sum of $100.00. The full sum as prayed for was not allowed as plaintiff is only entitled under the policy to 80% of the amount he expended or became obligated to pay as a result of a compensable illness or injury.
Defendant has suspensively appealed the judgment in the main and the assessment of the expert fees.
Plaintiff's wife, Mary Ellen Cormack, was involved in an automobile accident on October 18, 1967 from which she sustained a multiple fracture of the maxilla or upper jawbone, lacerations, and some broken teeth. Immediately after the accident she was treated by Dr. Carroll L. Wood, an oral surgeon, for the fracture, extraction of three teeth (a fourth tooth was removed by him in December), and suturing of the lacerations. The evidence is clear that other necessary dental work remained but such further treatment necessitated a delay in order for the fractured jaw to mend properly and be able to support artificial devices. On March 26, 1968 Mrs. Cormack saw Dr. Peter L. Glaser, a general dental practitioner, who determined shortly thereafter the restoration work needed and her treatment plan. On April 15, 1968 Mrs. Cormack underwent final restorative work which was finished on June 24, 1968. Specifically, root canal work was performed on April 15, 17, 19, 23 and May 20, 1968, and in June permanent bridge work was accomplished.
There are no material facts at issue and the only issue before this court is the determination of the legal and proper interpretation of the insurance policy in question.
Plaintiff and his wife, as his dependent, are insured for major medical expense by defendant under Group Policy No. G2-12900. By this policy the insurer obligated themselves to pay to the insured benefits equal to 80% of the total amount of eligible charges incurred by him or a qualified dependent during a calendar year, subject to a $100.00 deductible, and provisions within the policy. Specifically, at issue are the following provisions of the policy:
"Eligible ChargesEligible charges will be the charges actually made to the Employee and qualified dependents on account of their illnesses for the following services, treatments and supplies ordered by a physician, * * *"
* * * * * *
"Physicians services for medical care and treatment and surgery, excluding dental services unless for the treatment immediately below;

"Dental services rendered by a physician, dentist or dental surgeon for the treatment of a fractured jaw or of accidental injuries to natural teeth within six months of the accident (the treatment to include replacement of such natural teeth within said period); * * *" (Emphasis supplied)
Defendant contends that by these provisions any dental service or treatment performed after six months from the date of the accident is not covered by the insurance policy and there is an automatic cessation of coverage six months from the accident, even though service or treatment is being rendered after that six month time period to an injury which is the direct result or was caused by the accident. Plaintiff contends that this provision is uncertain and its vagueness results in ambiguity and as such it should be construed against the insurer and in favor of the insured, allowing coverage.
*343 The policy specifically excludes dental services an insured might need unless such treatment is for a fractured jaw or accidental injury to natural teeth. A further limitation is imposed in that dental services to the named eligible charges must be rendered within six months from the date of the accident.
It is well settled that policies of insurance are contracts between parties and as such they are the law between them. LSA-C.C. Article 1901; Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961). Where there are ambiguities and provisions of doubtful meaning they are to be resolved against the insurer but courts are not allowed to gerrymander provisions that are clear upon their face which would alter terms or change their import. LSA-C.C. Article 1945 et seq.; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939).
We are convinced that the provisions in question in the present case are clear and unambiguous and must be enforced as written. By the terms of the policy no charges for dental service are recompensable unless such treatment is for a fractured jaw or accidental injury to teeth. The further provision is made that these enumerated injuries must be treated, or services rendered, within a six month time period from the date of the accident. Insurers are at liberty to limit their liability and impose conditions upon their obligations in absence of conflict with statute or public policy and when such limitation is unambiguous and susceptible to a clear understanding, then the limitation must be given effect as intended. Morgan v. State Farm Mutual Automobile Ins. Co., 195 So. 2d 648 (La.App., 3d Cir., 1967), writ refused, 250 La. 638, 197 So.2d 897 (1967).
Plaintiff contends that because of the provision in the policy which designates when a charge is incurred, the definition of "incurred" should decide the question of coverage and cites authorities which delineate the significance of the word. However, in our review of the authorities relative to this matter, we have found no applicable similarity with the utilization of the word which would alter the term as used in the present case. The provision in question is as follows:
"A charge will be deemed to be incurred as of the date of the service, treatment, or purchase of the supply giving rise to the charge."
From this we perceive no ambiguity, in fact, the provision is a definition of the term as used within the context of the policy. When this provision is regarded in light of the other applicable provisions, its import and meaning are clear. No charge for dental service or treatment is deemed as incurred until the service or treatment which gives rise to the charge is rendered. Under the present policy limitation any dental services which were rendered after April 18, 1968 were not recompensable under this policy.
The lower court was convinced that because the need for ultimate followup dental work was established immediately after the accident and that a delay was necessitated because of the impossibility of treatment within the six month limitation period, then the policy became applicable and the insurer liable. We are convinced, however, that the dental services must be rendered within six months in order to become compensable. The establishment of a need for additional work is not within the meaning of services rendered. The meanings of words in a contract are determined by their common and general use and may be explained as to their true sense by phrases used in connection with the word. LSA-C.C. Articles 1946 and 1948. The clear import of this language used contemplates the actual performance of treatment, service, or work which gives rise to a contractual relation resulting in a monetary payment. The need for additional work is not the performance of work for which payment is necessitated.
*344 Defendant has paid for all services rendered before April 18, 1968, including those of Dr. Glaser. They are therefore not liable for services rendered or performed after this date.
Defendant objects to the amount awarded by the trial court for expert fees. Principally, their objection relates to the fact that the trial judge at the close of the case fixed the fees of Dr. Glaser at $50.00 and for Dr. Wood at $125.00 (tr. page 35) but in the judgment the fees were raised to $100.00 and $150.00, respectively, without any apparent reason. From the record we find evidence that the original fixing of fees was proper considering the fact that the testimony of the physicians related in the main to their capacity as treating physicians, rather than as experts. We therefore conclude that the fees as originally fixed were proper in relation to the testimony given and therefore amend that portion of the judgment by reducing the expert fees of Dr. Carroll L. Wood to be fixed in the sum of $125.00 and that of Dr. Peter L. Glaser to be fixed in the sum of $50.00.
For the above and foregoing reasons the judgment of the lower court in favor of plaintiff and against the defendant is reversed and judgment is herein rendered dismissing plaintiff's suit. The judgment fixing the fees of the experts, Drs. Carroll L. Wood and Peter L. Glaser is amended and, as amended, affirmed.
Reversed in part, amended in part, and, as amended, affirmed.
REDMANN, Judge (dissenting).
It requires no grammaticaster to show the variations of emphasis added to a text. Plaintiff might emphasize:
"Dental services rendered by a physician, dentist or dental surgeon for the treatment of a fractured jaw or of accidental injuries to natural teeth within six months of the accident (the treatment to include replacement of such natural teeth within said period), * * *"
This emphasis would suggest the "within six months" clause is inapplicable to fractured jaw cases.
Or, it might be pointed out, there are at least two clear places to insert "within six months after the accident" if it means what the insurer says:
(1) "Dental services rendered within six months of the accident by a physician, * * *", or
(2) "Dental services rendered * * * for the treatment within six months of the accident * * *".
The evidence is that dental work on a fractured jaw can ordinarily not reasonably be finished within six months of the accident. So the insurer's reading of its policy makes illusory and nugatory its coverage of treatment of a fractured jaw.
If, however, I err in believing the exclusory language ambiguous and therefore to be construed strictly against the insurer, nevertheless under C.C. art. 1945(3) the words are determinative of intent only when they "lead to no absurd consequences." In my opinion the consequence that fractured jaw treatment insurance would not provide fractured jaw treatment insurance is an absurd consequence, and it must be rejected.
C.C. art. 1957 and 1958 require interpreting this contract to provide unlimited coverage for fractured jaw treatment and six months for non-fractured-jaw treatment.
The trial court's judgment should be affirmed.