339 So.2d 927 (1976)
Karl ERMERT
v.
UNION LABOR LIFE INSURANCE COMPANY.
No. 7648.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1976.
Rehearing Denied December 14, 1976.
Writ Refused February 11, 1977.
*928 Andry & Andry, Jerald N. Andry, New Orleans, for plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, Harry A. Rosenberg, New Orleans, for defendant-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John V. Baus, New Orleans, Carroll Callaway, Asst. Gen. Counsel, Chicago, Ill., amicus curiae.
Before SAMUEL, STOULIG and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit for breach of contract and statutory penalties against his health and accident insurer, for $839.08 major medical expenses allegedly due for his dependent wife. Following trial on the merits, judgment was rendered in favor of the defendant, dismissing plaintiff's suit. Plaintiff has appealed.
These facts are stipulated: Plaintiff's wife was hospitalized from September 23, to September 30, 1974. She was personally covered under a group health insurance policy issued to her employer by Lincoln National Life Insurance Company affording basic and supplemental major medical health coverage. Plaintiff also was insured under a group policy issued to his employer by the defendant, Union Labor Life Insurance Company, which afforded basic and supplemental major medical and health insurance to him and his dependents. His wife was a named dependent under this policy.
Following surgery, the wife submitted bills and physicians' statements to her insurer, Lincoln National, in the sum of $2,076.88 and was paid $2,033.45 by them. Plaintiff then filed a similar claim with defendant for reimbursement of the same expenses incurred as a result of his wife's surgery, etc. Union paid plaintiff $668 under the basic provisions of its policy, but refused to make payment for any additional amount ($839.08) allegedly due under the policy's major medical provisions. That balance of the claim was denied under a policy "coordination clause", which affects only the major medical portion of the policy and prevents duplication of those benefits where an insured is also covered and paid under another group policy.
In the trial court and in this court it was and is appellant's contention that the coordination clause is in violation of LSA-22:663, which provides:
"Hospitalization, accident and health insurance; reduction of benefits prohibited
Notwithstanding any other provisions in this title to the contrary, no group policy of accident, health or hospitalization insurance, or of any group combination of these coverages, shall be issued by any insurer doing business in this state which by the terms of such policy group contract excludes or reduces the payment of benefits to or on behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan of insurance for the same claim determination period. Any group policy provision in violation of this section shall be invalid." LSA-R.S. 22:663. (Emphasis ours).
The trial court found that if it were not for the fact that both of the policies here involved were group policies, plaintiff would be entitled to reimbursement for the expenditures in suit despite the previous reimbursement for the same expenditures. The court concluded the statutory prohibition referred to group policies but only when the other policy sought to be coordinated was individually underwritten because the premiums under the former are less than those paid under the latter.[1]
*929 Appellant contends the proper interpretation of the above emphasized clause "individually underwritten contract or plan of insurance" is that the coordination clause is prohibited: 1) in any individually written contract; or 2) in any plan. Thus, he argues the coordination clause refers both to group policies as well as individually underwritten policies; in essence, that coordination is prohibited in each and every type of insurance contract, policy or plan. We do not agree. In our opinion, as used in the quoted statute "individually underwritten" modifies both "contract" and "plan" of insurance.
It is not uncommon to find provisions in group policies limiting or reducing coverage where the loss incurred is payable from other sources. Reasons include: to prevent the insured from recovering more than is necessary to make him whole; to keep the rates as low as possible while assuring full compensation to the group policy holder; to reimburse employees for their medical expenses and not enable them to make a profit out of being ill by obtaining multiple benefits for the same expenses, thereby encouraging malingering.[2]
We are of the opinion, as was the trial court, that the intent of the legislature, as expressed by their language in LSA-R.S. 22:663, was to prohibit coordination where individually underwritten and group insurance policies were involved, but not to prohibit coordination where only group insurance policies were involved.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] As stated in 1 Appleman Ins. L. § 41, low premium rates characterize group insurance contracts.
[2] The matter appears to be res nova in Louisiana. But see Gibson v. Metropolitan Life Insurance Company, 213 Kan. 764, 518 P.2d 422, and cases cited therein.