362 So.2d 823 (1978)
John C. MATHERNE, Individually et al., Plaintiffs-Appellants,
v.
The PRUDENTIAL INSURANCE CO. et al., Defendants-Appellees.
No. 6438.
Court of Appeal of Louisiana, Third Circuit.
September 7, 1978.
Gilbert Aucoin, for plaintiff-appellant and Donald J. Launey, Jr., Ville Platte, for plaintiffs-appellants.
*824 Provosty & Sadler, David P. Spence, Alexandria, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
John C. Matherne, individually and on behalf of his minor daughter, Jeanette M. Matherne, filed the instant suit against his former employer, Equifax, Inc. (Equifax), and its insurer, The Prudential Insurance Company of America (Prudential), seeking recovery of benefits allegedly due under the provisions of a group hospitalization insurance policy and for penalties and attorney's fees. The trial court granted defendants' motion for summary judgment and plaintiff has appealed.
The pleadings, affidavits and answers to interrogatories establish the following:
Plaintiff's employment with Equifax commenced in October, 1967. A policy of group hospitalization insurance issued by Prudential to Equifax provided certain accident and health benefits to plaintiff and his dependents. Plaintiff's daughter, Jeanette, was born July 14, 1973, and became an insured under the provisions of the policy issued by Prudential.
Jeanette became ill and was first seen by Dr. Carl F. Jory on December 9, 1974 for treatment of a Thyroglassal Duct Cyst. She was subsequently treated by either Dr. Jory or Dr. Donald E. Hines on the following dates: December 31, 1974, March 25, 1975, April 1, 1975, April 29, 1975, May 27, 1975 and June 26, 1975. On the last four of these visits, Jeanette received Gamma Globulin injections.
Plaintiff terminated his employment with Equifax on July 30, 1975. Dr. Jory, on August 5, 1975, recommended that Jeanette be examined by Dr. Joseph Villard for possible surgery. On August 9, 1975, Dr. Villard recommended surgical excision of the cyst. Surgery was subsequently performed on September 4th and November 15th, 1975 for removal of the cyst. Plaintiff thereafter made timely application with Prudential for payment of benefits under the aforesaid policy, however, payment was declined and this suit followed.
After a hearing on defendants' motion for summary judgment, the trial judge, in written reasons, concluded that the Prudential policy only provides coverage and benefits to employees and dependents while the employee is employed, citing Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972, writ refused). The trial judge determined that plaintiff's claim for benefits arose after he terminated his employment with Equifax, and accordingly rendered summary judgment in favor of defendants, ordering that plaintiff's suit be dismissed with prejudice.
Plaintiff has perfected an appeal, assigning the following as error:
(1) The trial court's holding that the policy of insurance issued by Prudential only provided coverage for employees while they are employed and that plaintiff's claim arose after his employment terminated.
(2) The trial court's granting of defendants' motion for summary judgment.
In seeking reversal of the trial court judgment appellant contends that since his daughter's illness manifested itself prior to termination of his employment and while coverage under the Prudential policy was in full force and effect termination of his employment with Equifax which resulted in coverage under the Prudential policy being simultaneously terminated cannot preclude recovery of his claim for benefits. Stated another way plaintiff contends that his right to the payment of benefits under the Prudential policy vested at the time his daughter's illness was diagnosed and that public policy demands that his vested right to uninterrupted receipt of benefits be unaffected by subsequent termination of the policy. In support of his contention appellant principally relies on Wharton v. Louisiana Hospital Service Inc., 183 So.2d 133 (La.App. 1st Cir. 1966, writ refused). As opposed to this appellee contends that under the plain provisions of the policy its obligation to pay benefits continues only so long as the policy remains in full force and *825 effect, i. e., so long as a person is a covered individual. In support of its contention appellee relies on Cormack v. Prudential Insurance Co. of America, 259 So.2d 340 (La. App. 4th Cir. 1972), writ refused 261 La. 824, 261 So.2d 230.
We ultimately conclude that the trial court judgment is correct and affirm.
The policy of insurance at issue contains the following pertinent provisions:
"MAJOR MEDICAL EXPENSE INSURANCE BENEFITS
Benefits will be payable under this Rider with respect to the eligible charges incurred during each calendar year in connection with the illnesses of an Employee or qualified dependent and while such person is a covered individual, in accordance with the following table, but subject to the provisions of the sub-section `Individual Maximum' and to the other provisions of this Rider:
* * * * * *
A charge shall be deemed to be incurred as of the date of the service, treatment, or purchase of the supply giving rise to the charge.
* * * * * *
All insurance under this Rider with respect to an Employee and his qualified dependents shall automatically terminate if the Employee's employment terminates (except as provided in the second following paragraph), or if he ceases to be a member of the classes of Employees eligible for insurance under the provisions of this Rider, or if this Rider terminates, or if he fails to make, when due, any required contribution."
The language employed in the above provisions of the insurance contract is clear and unambiguous. The quoted provisions succinctly provide that "charges incurred" in connection with the illness of an employee or qualified dependent are payable only so long as such person is a covered individual, which latter status automatically terminates at the termination of employment. Further, the term "charges incurred" is specifically defined as follows:
"A charge shall be deemed to be incurred as of the date of service, treatment, or purchase of the supply giving rise to the charge."
We find this policy definition of the term "charges incurred" to be of particular significance.
Considering the undisputed facts of this case it is clear that the "charges incurred" for which appellant seeks recovery were incurred while plaintiff and his dependent were no longer "covered individuals". The defendant's policy was no longer in effect at the time such charges were incurred and if the policy in question is to be enforced as written then it is axiomatic that appellant must be denied recovery. The aforesaid policy provisions being clear, unambiguous, and, in our opinion, not violative of public policy, we discern no reason why such provisions should not be given effect as intended.
In Cormack v. Prudential Insurance Co. of America, supra, somewhat similar provisions, limiting coverage, were given effect in denying recovery of benefits for "charges incurred" following the time limitation provided for in the policy. We find it significant that in the cited case the term "charges incurred" was specifically defined and defined exactly as set forth in the instant policy. Writ was refused in the Cormack case, our Supreme Court finding no error of law in the Court of Appeal judgment.
In the recent case of Tabb v. Louisiana Health Services & Indemnity Co., 352 So.2d 771 (La.App. 3rd Cir. 1977) we considered issues identical to those presented in the instant case. In Tabb, supra, plaintiff was severely injured while a designated beneficiary under an accident and health insurance policy issued by Blue Cross. The Blue Cross policy was issued to Tabb's employer, the Lafayette Parish Sheriff's Department. The Sheriff's department itself terminated the policy some two years following plaintiff's accident. Upon policy termination Blue Cross refused to pay for any hospital services rendered after that date. The Blue *826 Cross policy under which Tabb was insured contained the following provision:
"No subscriber shall be entitled to benefits for any services received after termination of individual coverage or of this contract regardless of the cause of termination."
In affirming the trial court judgment, which denied Tabb recovery for services rendered after termination of coverage, we did so on the basis that the limitation of coverage was unambiguous, susceptible to a clear understanding and not violative of public policy. Our Supreme Court granted a writ in Tabb, supra. Although the judgment of this Court was reversed on other grounds,[1] that portion of our decision holding that the policy provision limiting coverage was not violative of public policy was affirmed. Tabb v. Louisiana Health Services & Indemnity Company, 361 So.2d 862 (La.1978).
Appellant relies with much emphasis on Wharton v. Louisiana Hospital Service, Inc., supra, for support of his contention that the provisions in the Prudential policy which permit cessation of payment upon termination of insurance coverage are violative of public policy. We find Wharton, supra, inapposite factually and appellant's reliance thereon misplaced. In Wharton the policy provided for the payment of benefits for expenses incurred during a three-year period immediately following diagnosis of a "dread disease." The policy also contained a provision for automatic termination of coverage and payment of benefits for nonpayment of premiums. While the policy was in effect plaintiff was diagnosed as having a "dread disease" however, subsequent to this diagnosis coverage under the policy terminated for non-payment of premiums. Although conceding that plaintiff's illness fell within the terms of the endorsement the insurer contended that it was liable only for such expenses as were incurred during the period of time that the premiums due under the terms of the policy continued to be paid. The court rejected the insurer's argument, finding that upon plaintiff being diagnosed as having a "dread disease" while the policy was in effect plaintiff under the explicit terms of the policy became vested with the right to recover all expenses incurred in connection therewith during the three-year period immediately following diagnosis. Public policy demanded that such right of recovery be unaffected by subsequent termination of the policy. We agree with the result and reasoning in Wharton, however, as aforesaid, we find it inapplicable under the facts of this case. The policy under consideration here does not provide for the payment of benefits during a specific term for expenses incurred in connection with an illness diagnosed during the policy period. In other words, under the terms of the policy here in question appellant acquired no vested right to the payment of benefits for any specific period. Quite to the contrary, the Prudential policy specifically and in unambiguous terms provides that benefits are payable only in connection with "charges incurred", as this term is defined in the policy, while the policy is in effect.
We likewise find inapplicable and distinguish the cases of Valladares v. Monarch Insurance Co., 282 So.2d 569 (La.App. 4th Cir. 1973), writ refused, and Humphries v. Puritan Life Insurance Co., 311 So.2d 534 (La.App. 3rd Cir. 1975), writ refused, in both of which cases recovery of benefits was allowed for services actually rendered following termination of coverage on the basis that such expenses were "expenses incurred" during policy coverage. In each of the cited cases the term "expenses incurred" was not specifically defined in the *827 policy and the court in construing the policy provisions most favorable to the insured concluded that all charges in connection with the illness or injury there involved were incurred when the injury or illness manifested itself. As previously noted in the instant case the Prudential policy contains a specific definition of the term "charges incurred" limiting same to being those "incurred as of the date of the service, treatment, or purchase of the supply giving rise to the charge."
In the instant case it is without doubt that plaintiff-appellant seeks recovery for "charges incurred" following termination of coverage. Under the plain, clear and unambiguous provisions of the policy plaintiff is not entitled to recovery for these expenses.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In Tabb, supra, the Supreme Court, in reversing our decision, concluded that the insurer, under a group hospitalization policy providing coverage to employees and qualified dependents, was required to give written notice to the employee of changes (including cancellation of coverage) which could affect coverage, at least when the employee contributes to the payment of premiums and is issued a certificate of insurance by the insurer. In the instant case, unlike Tabb, supra, plaintiff does not raise as an issue the failure of defendant to provide written notice of cancellation and there is no evidence in the record indicating that the insurer did not comply with the provisions of LSA-R.S. 22:636.