SWIFT, Judge.
This is a suit for benefits allegedly due under an insurance contract.
On June 19, 1979, Ms. Frank allegedly sustained injuries in an automobile accident for which she was hospitalized from June 26,1979, through July 6,1979. At the time plaintiff was a member of the Continental States Auto Club, Inc. (Continental) and as such she was insured by the latter’s underwriter, Manchester Life Insurance Company (Manchester), the defendants herein. The policy contained the following provisions:
“SECTION TWO — IN HOSPITAL INDEMNITY
If such injury as is covered under Parts 1, 2 and 3 herein shall, within 48 hours, confine the Insured to a hospital (as defined herein) as a resident patient for treatment therein, and does not result in any loss described under Section One herein, the Company will pay the Insured for expenses, actually incurred by the Insured, for such hospital service resulting from any one accident and limited as follows:

“(3) Hospital Room and Board and Miscellaneous Hospital Services must commence within 48 hours after the accident and are payable only for the first continuous hospital confinement from the date of the accident causing such injury. No benefits will be provided for subsequent hospital confinement.”
(Emphasis added.)
As Ms. Frank admittedly was not hospitalized within 48 hours after the accident Manchester refused to honor her claim. She has sued for $1,520.00 for eleven days of hospitalization, $250.00 for miscellaneous hospital services and the statutory penalty and an attorney’s fee allegedly for Manchester’s arbitrary and capricious failure to pay the benefits.
The trial judge ruled that the 48 hour restriction is merely directory and not' mandatory and that plaintiff is entitled to the benefits under the policy. He stated:
“It would seem that a hospitalization within forty-eight (48) hours of an accident would be presumptive that the hospitalization was for injuries received in the accident. Hospitalization for injuries received in the accident after forty-eight (48) hours would require stronger proof by a claimant that the hospitalization was for injuries caused by the accident. It is further held that the forty-eight (48) hours exclusion and/or restriction is an *12 unreasonable restriction and exclusion, and further it would be against public policy to enforce such a restriction.”
The demand for the penalty and attorney’s fee was denied as the court concluded that the insurer acted reasonably under the circumstances. The defendant insurer appealed. The plaintiff also appealed from that part of the judgment which denied her the penalty and an attorney’s fee.
The trial judge cited two cases in support of his holding that the 48 hour clause was unreasonable and against public policy. In Valladares v. Monarch Insurance Company, 282 So.2d 569, 572 (La.App. 4 Cir. 1973), writs denied 284 So.2d 603 (La.1973) and 284 So.2d 604 (La.1973), the plaintiff sued the defendant insurer when the latter refused to pay for certain medical expenses on the ground that the expenses were not incurred within one year from the date of the accident, as required by the policy. The court of appeal allowed recovery stating:
“... [W]here, as in the instant case, the injury manifests itself within one year of the accident, the insurer is aware of the nature of the injury, the insured approaches a physician and obtains a diagnosis and recommended course of treatment prior to the expiration of one year from the date of the accident, and the treatment cannot successfully be completed within the one year period that the insured has nevertheless ‘incurred’ an expense within the terms of the policy.”
In Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La.App. 3 Cir. 1975), the insurance policy provided that the insurer would pay those covered charges which the insured incurred within 52 weeks of the accident, provided the first expense was incurred within 90 days of the accident. The plaintiff’s son sustained an injury and saw a doctor within 90 days. That doctor treated the son several times and subsequently recommended surgery. A second opinion was obtained by the plaintiff more than 90 days after the accident. The second doctor also suggested surgery and it was performed. The insurer refused to pay for the surgery, arguing that the first charges for the surgical expenses were not incurred within 90 days after the accident. This court disagreed, citing Valladares, and ordered the insurer to pay the surgical costs. Since the first treating physician recommended surgery before 90 days elapsed and the insurer knew of such recommendation then the surgery itself was a continuation of treatment that began during the required period.
In neither of these two eases did the courts declare the provisions of the insurance policy void as against public policy. Instead, the decisions focused on contractual provisions which appeared vague and ambiguous and interpreted same in favor of the insureds.
The trial judge in the instant case distinguished Matherne v. Prudential Insurance Company, 362 So.2d 823 (La.App. 3 Cir. 1978). In Matherne the policy contained a provision which automatically ended group insurance coverage upon an employee’s termination of employment. Unlike those in Valladares and Humphries, the policy in Matherne expressly and clearly defined “charges incurred” and limited same to charges incurred on the date the charge arose. As the plaintiff was seeking recovery for a charge which arose after his employment terminated, he was not covered by the policy and could therefore not recover. This policy provision was found to be unambiguous and not violative of public policy.
We believe the trial judge in this case erred in relying on Valladares and Hum-phries and in distinguishing Matherne. Therefore, we reverse.
This court has held that a provision in a life insurance policy which precluded recovery of the additional accident death benefit when the insured died more than 90 days after the accident was not against public policy. Fontenot v. New York Life Insurance Company, 357 So.2d 1185 (La.App. 3 Cir. 1978), writ refused 359 So.2d 622; Hardee v. Kilpatrick Life Ins. Co., 373 So.2d 982 (La.App. 3 Cir. 1979). In Fontenot we said:
“It is well settled law that a policy of insurance is a contract between the In *13 sured and the Insurer and has the effect of law on the parties. LSA-C.C. Article 1901; Smith v. North American Company For Life, Accident & Health Insurance Company, 295 So.2d 483 (La.App. 3rd Cir. 1974), writ granted, 299 So.2d 360, reversed on other grounds, 306 So.2d 751. It is equally well settled law that insurers are at liberty to limit their liability and impose conditions upon their obligations so long as such conditions and limitations do not conflict with statutory law or offend public policy. When such conditions and/or limitations are clear and unambiguous they must be given effect as written. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72 (1939); Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3rd Cir. 1972); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La. App. 4th Cir. 1972) writ refused, 261 La. 824, 261 So.2d 230.”
In holding that the 48 hour requirement in the policy before the court is unreasonable and against public policy the trial judge stated:
“To hold otherwise would compel an insured under such a policy to become hospitalized within forty-eight (48) hours after an accident whether or not during that time he would need to be hospitalized. It would compel people to enter the hospital within this period to be covered under a policy. It is well known and recognized by the medical profession and the courts that injuries that can result from accidents such as cerebral hemorrhage, internal vascular or abdominal hemorrhage, incomplete fractures, ruptures of intestinals, or bruises of vital organs, are not discovered for many days after the accident, and people suffering from such injuries would be barred from recovery under such a policy. Such a restriction thereby would punish or penalize innocent insureds from coverage under a policy such as the one at bar. While this is a limited policy, the limitation in question in this suit is an unreasonable restriction as stated above and should allow an insured a longer period to determine whether or not he should be hospitalized for such accidental injuries.”
While we understand the judge’s concern, we do not find this policy limitation so unreasonable to classify it as against public policy. The 48 hour provision is clear and unambiguous and undoubtedly it was a factor in calculating the amount of the premium charged for the policy. Also, as the trial judge pointed out, it minimizes uncertainty as to whether or not the injuries were accidental. Since Ms. Frank did not become hospitalized until seven days after the accident, the insurance policy does not cover her hospital expenses.
Having decided that the plaintiff is not entitled to recover under the insurance policy, we need not address her contention that the trial court erred in failing to award the penalty and attorney’s fee.
For the foregoing reasons, the judgment of the trial court is reversed and plaintiff’s suit is dismissed at her costs. The costs of appeal are also assessed to the plaintiff.
REVERSED AND RENDERED.
FORET, J., dissents for the reasons assigned by the trial judge.
LABORDE, J., dissents.