SWIFT, Judge.
On May 23, 1980, Richard L. Thomas sustained injuries in an automobile accident for which he was hospitalized from May 26, 1980, through June 2, 1980. At the time plaintiff was a member of the Continental States Auto Club, Inc., (Continental) and as such he was insured by the latter’s underwriter, Manchester Life Insurance Company (Manchester), the defendants herein.
The policy contained a provision restricting recovery of benefits to injuries for which the insured was hospitalized within 48 hours after the accident causing same. Because Mr. Thomas admittedly was not hospitalized within 48 hours after the accident, Manchester refused to honor his claim.
In this suit judgment was rendered in favor of the plaintiff in the sum of $505 for medical and hospital benefits, but his demand for the statutory penalty and an attorney’s fee was rejected.
The trial judge ruled that the 48 hour exclusionary clause in the policy was an unreasonable restriction and against public policy, adopting the written reasons he had rendered in a similar case, Frank v. Continental States Auto Club, Inc., which was on appeal to this court at the time of the district court’s judgment. Our decision in that suit, adverse to the plaintiff’s contentions, was rendered on November 10, 1981, and a rehearing was denied January 4,1982. 407 So.2d 10 (La.App. 3 Cir. 1981). The supreme court refused an application for writs on February 12, 1982. 412 So.2d 76 (La.1982).
The principal issue in the present suit is the same as in Frank. Therefore, for the reasons stated in our decision in that prior case, we conclude the plaintiff is not entitled to any benefits under the policy.
Accordingly, the judgment of the district court is reversed insofar as the awards to plaintiff of hospital and medical benefits, interest and court costs are concerned, but affirmed as to its denial of the statutory penalty and attorney’s fees. The suit is dismissed and the costs of court, including this appeal, are assessed to the plaintiff.
REVERSED AND RENDERED.