STOKER, Judge.
Prudential Insurance Company of America, a group medical expense insurer, appeals the finding of the trial court that Prudential is not entitled to a credit for payments made to the plaintiff by her automobile insurer. The company also appeals the imposition of the statutory penalty and attorney’s fees.
The parties submitted this case on stipulated facts. Mrs. Mary Lou Peters was injured in a car wreck on April 1, 1982 in Calcasieu Parish. She was insured under a group policy issued by Prudential through her husband’s employer. She was also insured under a no-fault policy issued to her husband by State Farm Insurance Company in Connecticut, where no-fault coverage was mandatory. When Mrs. Peters filed claims for her medical expenses in connection with the accident, Prudential reduced its payment by the $5,000 coverage afforded under the State Farm policy, invoking the coordination of benefits provision of the Prudential policy. Prudential also refused to pay for any expenses after September 30, 1982, the date of termination of the plaintiff’s husband’s employment.
Mrs. Peters sued Prudential for the total of her medical expenses, the statutory penalty and attorney’s fees. In an amended judgment, the trial court awarded her the $5,000 taken as a credit by Prudential based on its coordination of benefits clause, a penalty of $5,000, and $4,000 in attorney’s fees. (The penalty is fixed by LSA-R.S. 22:657 at double the amount due. The amount due from Prudential, the credit of $5,000, together with what the trial court referred to as penalties, made the recovery $10,000, or in the words of the statute, double the amount due.) The claim for expenses incurred after the termination of Peters’ employment was disallowed. Prudential appeals.
LSA-R.S. 22:663 provides:
“Notwithstanding any other provisions in this title to the contrary, no group policy of accident, health or hospitalization insurance, or of any group combination of these coverages, shall be issued by any insurer doing business in this state which by the terms of such policy group contract excludes or reduces the payment of benefits to or on behalf of an insured by reason of the fact that benefits have been paid under any other individually underwritten contract or plan of insurance for the same claim determination period. Any group policy provision in violation of this section shall be invalid.”
*39 Prudential argues that the State Farm policy was not an “individually underwritten contract or plan of insurance,” as it was required by Connecticut statute. The insurer supports its argument with language from a regulation of the Department of Insurance. Regulation 32 states:
“GUIDELINE TWO: Definition of a ‘Plan’: ‘No Fault’ Automobile Insurance The definition of ‘Plan’ may include both group and individual automobile ‘no fault’ contracts but, as to the traditional automobile ‘fault’ contracts, only the medical benefits written on a group or group-type basis may be included.”
From this, Prudential reasons that the State Farm policy is equated to a group policy. If the State Farm policy is not an “individually underwritten contract or plan,” the prohibition of the coordination of benefits in LSA-R.S. 22:663 does not apply. Ermert v. Union Labor Life Ins. Co., 339 So.2d 927 (La.App. 4th Cir.1976), writ refused, 341 So.2d 1129 (La.1977).
We believe that the State Farm policy is an “individually underwritten contract or plan” under LSA-R.S. 22:663. It was issued to Peters as an individual, not as a member of a group. The legislature was quite clear in its intent to prohibit the coordination of benefits where a group policy and an individually underwritten policy cover the same insured. We cannot view all drivers licensed by the state of Connecticut as constituting a group for the purposes of Section 663 merely because they are statutorily required to carry a certain type of coverage.
Further, the definition of “Plan” in Regulation 32 does not purport to serve as the definition of “group policy” in the statute. We believe it was the intent of the legislature to prohibit the coordination of benefits in this situation.
Mrs. Peters has not appealed the disal-lowance of her claims for medical expenses incurred after her husband had left his employment. The trial judge relied on Matherne v. Prudential Ins. Co., 362 So.2d 823 (La.App. 3d Cir.1978) as authority for denial of these claims.
LSA-R.S. 22:657(A) provides for a penalty for failure to pay claims within the prescribed period, “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.” Prudential argues that its reliance on Regulation 32 and its policy terms was “just and reasonable.”
We agree with the trial court’s conclusion that the statutory penalty of double recovery was warranted in this case. Prudential was entitled to test its liability in court, but it did so at its own expense. Sanders v. General Amer. Life Ins. Co., 364 So.2d 1373 (La.App. 3d Cir. 1978); Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3d Cir.1969), writ refused, 255 La. 479, 231 So.2d 394 (1970). We do not feel that the wording or intent of LSA-R.S. 22:663 was so vague or ambiguous as to provide “just and reasonable grounds” for refusal to pay on the claims.
We find that the award of attorney’s fees was excessive. The plaintiff’s attorney filed a petition, answered interrogatories, entered a three-page stipulation of facts, and made a brief appearance in the trial court. He also filed a short brief in this court, and the case was submitted on the briefs of counsel and was not orally argued. While the imposition of attorney’s fees may be penal in nature, the amount should not be set as a penalty, particularly in light of the imposition of the statutory penalty. Bauman v. Hanover Ins. Co., 353 So.2d 1058 (La.App. 2d Cir. 1977). The record does not support an award of $4,000 for attorney’s fees, and we feel that $2,000 is more than adequate to compensate the attorney for his services at both the trial and appellate levels.
In conclusion, the judgment of the trial court is affirmed insofar as it awards Mrs. Peters $5,000 due under the Prudential policy, and imposes a statutory penalty against Prudential of an additional $5,000. We amend the judgment to reduce the award of attorney’s fees to $2,000.
AFFIRMED, AS AMENDED.