LABORDE, Judge.
The plaintiffs-appellees, Alfred and Wanda Thomas, brought suit against Lighthouse Life Insurance Company (Lighthouse), defendant-appellant, to recover daily hospital indemnity benefits provided by Lighthouse to plaintiffs under a whole life policy with daily hospital indemnity benefits.
The insured, Alfred Thomas, was hospitalized for the period of October 29 through November 10,1981, as a result of accidental injuries. For this period of thirteen days, under the Lighthouse policy with a daily hospital indemnity benefit of $35.00 per day, plaintiffs were entitled to benefits of $455.00. After her husband’s accident, Wanda Thomas wrote the defendant requesting that she be provided with a claim form so that application for benefits could be made. This letter included a premium payment for current payment due according to her records. The defendant’s office responded to this request with a letter from its president stating that the policy had lapsed for nonpayment of premium.
After receiving the letter from defendant, Wanda Thomas made a personal visit to the office of defendant in Shreveport and spoke with its president, Mr. Bunyan Jacobs. Mrs. Thomas wanted to know why the defendant had not sent her a claim form, and she also wanted to determine the status of her insurance, since her payment book revealed all premium payments were current. Mr. Jacobs explained to her that their agent, Mrs. Vivian Edwards, had not turned in the premiums. Mr. Jacobs never furnished Mrs. Thomas with a claim form and never asked to see Mrs. Thomas’ premium payment book which clearly showed all payments were made and received by Mrs. Edwards. Mr. Jacobs made no effort to determine if in fact Mrs. Thomas’ version of what took place was correct.
*577 The trial court found that plaintiffs had paid all premiums due and that defendant’s agent failed to report payment of these premiums, and that defendant refused to furnish upon request a proof of claim form. The trial court rendered a judgment against defendant for $455.00, the basic benefit, and $455.00 as penalties for the arbitrary and capricious failure of defendant to pay plaintiffs’ claim, and an additional award of attorney’s fees of $1,000.00. Defendant appeals the ruling of the trial court and plaintiffs answer requesting the court to increase the award of attorney’s fees to $2,000.00.
The basis of defendant’s first specification of error is that the plaintiffs did not file a proof of claim, therefore under the policy Lighthouse is not liable for penalties and attorney’s fees. The record of this case is clear that defendant’s answer was filed on December 18, 1981, and defendant at that time had ample evidence and knowledge that plaintiffs’ policy was in full force and effect.
In Robicheaux v. Calvert Fire Insurance Co., 171 So.2d 264, (La.App. 1st Cir.1965), the First Circuit in quoting from the opinion of the trial court, stated:
[4] “It is well settled by the jurisprudence of this State that when an insurance company denies liability for a claim under an insurance policy, it abandons its rights to compel the claimant to comply with the preliminary provisions of the policy regarding the furnishing of proof of loss.
“There are at least three reasons for this rule. The first is that it is inconsistent for an insurance company to deny liability on a claim, and at the same time insist that it should be furnished with formal proof of it.
“The second is that the law does not compel one to do a vain thing as a condition precedent to the bringing of an action.
“The third is that the insurance company is presumed to have been sufficiently acquainted with the merits of the claim to support its decision in denying it, otherwise it could' not have done so.”
. We conclude that defendant’s first specification of error lacks merit.
The second assignment of error made by defendant-appellant is that the trial court committed error of law in finding defendant’s failure to pay this claim to be arbitrary and capricious. This is a factual determination made by the trial court, which must be given great weight by this court unless manifest error can be found in the record.
A review of the records indicates that Mr. Jacobs could have easily obtained the information necessary to validate Mrs. Thomas’ claim, but instead, he chose to ignore her claims and refused her request for a proof of claim form. Mr. Johnny Poque, defendant’s administrative assistant, testified that if he had been present at the Lighthouse Insurance Office when Mrs. Thomas visited, he would have seen that she received a claim form.
It is obvious that this is an admission that Mr. Jacob’s actions were arbitrary arid capricious, particularly in light of the company’s practice in not requiring its own agents to remit premiums with a greater degree of frequency or at least attempting to investigate this entire matter until after plaintiff filed a lawsuit.
Defendant contends in a suit for benefits in the amount of $455.00, an award of $1,000.00 for attorney’s fees is excessive. The amount to be awarded as attorney’s fees where an insurer has been held to be arbitrary and capricious rests largely with the discretion of the trial court. Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La.App. 3rd Cir.1975). This court can find no abuse of discretion in the award of $1,000.00 attorney’s fees in this, case.
In answering the appeal, appellees request the court to increase the award of attorney’s fees from $1,000.00 to $2,000.00 for the extra work performed on this appeal. It is this court’s practice to award attorney’s fees, when proper for prepara *578 tion for an appeal, in the amount of $750.00. We award plaintiffs additional attorney’s fees in the amount of $750.00.
For the above and foregoing reasons, the decision of the trial court is amended to award plaintiffs additional attorney’s fees in the amount of $750.00. In all other respects, the judgment of the trial court is affirmed at appellant’s costs.
AMENDED, AFFIRMED AS AMENDED.