465 So.2d 56 (1985)
Charles E. CABIBI, Jr.
v.
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a Blue Cross of Louisiana.
No. CA 1946.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Rehearing Denied March 27, 1985.
Charles E. Cabibi, Cabibi & Cabibi, A Professional Law Corp., New Orleans, for plaintiff-appellee.
Henry J. Miltenberger, Jr., Miltenberger & Ziegler, Covington, for defendant-appellant.
Before GULOTTA, SCHOTT and WARD, JJ.
SCHOTT, Judge.
This is an action for a declaratory judgment as to the rights of plaintiff, Charles E. Cabibi, Jr., under a group health insurance policy issued by defendant, Blue Cross, to the law firm by which plaintiff is employed. The present policy, issued on January 1, 1981, was cancelled effective June 1, 1982. Plaintiff was long ago diagnosed a diabetic and is subject to recurring medical treatment for his condition. The issue is whether defendant's right to cancel the policy entitles it to terminate benefits with respect to plaintiff's diabetes. From a judgment in plaintiff's favor, defendant has appealed.
Plaintiff's law firm is a professional law corporation headed up by his father. The present policy between the firm and defendant constitutes a continuation of coverage which was in effect when plaintiff was born in 1939. At the age of seven plaintiff was diagnosed as a diabetic and has required continuous treatment including occasional hospitalization over the years. Such treatment and hospitalization will be required indefinitely into the future. On April 27, 1982 defendant notified plaintiff's law firm that the policy would be cancelled June 1, 1982.
The policy contains the following pertinent provisions:
"... The Plan [Blue Cross] or the Group may cancel the Contract with 30 days written notice."
"ARTICLE XIIEXCLUSIONS
A. No Health Care allowance will be provided for:
* * * * * *
12. Services after the termination of the Contract, regardless of the cause of termination, except as provided under Article XIII ..."
"ARTICLE XIIITERMINATION
A. Group
* * * * * *
2. In the event that the Group or Plan terminates the Contract, all benefits cease on the date of termination except for admissions eligible for benefits beginning *57 before the effective date of termination...."
"Admissions" is defined to mean a period of uninterrupted hospitalization.
Thus, under the plain wording of the policy it would seem that defendant owes no further benefits to plaintiff even though his diabetes was contracted during the policy's term and future treatment was certain to be required. However, in declaring that defendant had to pay future claims resulting from plaintiff's diabetes, the trial court "[did] not find that the law sanctions nor that public policy condones the right of the insurance industry to establish renewal criteria which would in effect deny those diagnosed during the policy period from their vested right to uninterrupted receipt of benefits."
Cataldie v. Louisiana Health Service and Indemnity Company, 456 So.2d 1373 (rehearing denied December 6, 1984) is dispositive of the instant case. There the court held that the cancellation of a health insurance policy was ineffective as to medical expenses for the insured daughter's cancer which was diagnosed and initially treated prior to the cancellation. The court reached this conclusion on the basis of LSA-R.S. 22:213 B(7) which authorizes the insurer to cancel a policy with the proviso: "Such cancellation shall be without prejudice to any claim originating prior thereto."
In this court defendant argues that its policy covers services so that it should not be liable for services rendered after the date of cancellation. But the court specifically rejected this argument in Cataldie as follows:
"... Perhaps in a narrow sense of esoteric legal doctrine Cataldie's claim originating before cancellation could be said to be restricted to medical bills rendered on or before this date. We do not believe the statute should be given such a confined interpretation.... Cataldie had a claim for major medical services related to his daughter's cancer of which the insurer was notified and which originated before it cancelled the policy." (at 1376)
Cataldie concerned an individual health insurance policy while we are now dealing with a group policy. But this distinction does not dictate a different result. Cataldie was decided on the basis of the quoted cancellation provision from R.S. 22:213 which has application to group health insurance policies by virtue of R.S. 22:215 C as follows:
"Insurers issuing policies under this Section shall be subject to all the other applicable provisions of this Part...."
We recognize one difficulty in this case which did not exist in the Cataldie case. There, Cataldie's daughter had died five months after the cancellation so that the defendant's liability was fixed and determinate. Here, plaintiff is expected to incur expenses in connection with his diabetes for the rest of his life. As in Cataldie, the cancellation here is effective for all purposes except plaintiff's diabetes-caused expenses. If the parties are unable to agree on the future premiums to be paid for this continuing restricted coverage the parties may avail themselves of the provisions of C.C.P. Art. 1878 which enables the parties to an action for a declaratory judgment to seek supplementary relief from the trial court "whenever necessary or proper."
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.