477 So.2d 1272 (1985)
John HARRINGTON, Plaintiff-Appellee,
v.
PRUDENTIAL INSURANCE CO., Defendant-Appellant.
No. 84-704.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*1273 Ronald J. Fiorenza of Provosty, Sadler and Deluanay, Alexandria, for defendant appellant.
Felix A. Dejean, III, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, FORET, YELVERTON, KNOLL and KING, JJ.
FORET, Judge.
Plaintiff, John Harrington, brought suit against defendant, Prudential Insurance Company, to recover benefits allegedly due under an employee group insurance plan. Plaintiff also sought penalties and attorney's fees for defendant's failure to timely pay those benefits. The trial court rendered judgment in favor of plaintiff, finding that plaintiff was entitled to recover medical expenses incurred before his employment was terminated and medical expenses for the delivery of his youngest child, which occurred after his discharge. The court also found that plaintiff was entitled to penalties and attorney's fees. The issues before us are:
(1) Whether the court erred when it found that defendant insurer was responsible for pregnancy expenses incurred by plaintiff's wife after plaintiff's employment was terminated.
(2) Whether the trial court was correct in awarding penalties and attorney's fees.

FACTS
Plaintiff was employed by Southwest Louisiana Electric Membership Corporation, commonly known as SLEMCO, until he was discharged on November 30, 1981. Prior to his discharge, his child, Necia, had received medical treatment resulting in hospital and physician's charges. At the time of his discharge, plaintiff's wife was three months pregnant. Plaintiff's son, Joseph Allen, was born six months later.
At the time that suit was filed, a number of bills for Necia's medical care were unpaid. Following the taking of Mrs. Harrington's deposition on January 10, 1983, defendant paid two of these outstanding bills. No benefits, however, were paid with respect to two other bills for Necia's care. One bill was from Ville Platte General Hospital for $24.00, and the other was from Dr. Bertrand for $640.00. At the time of trial, the defendant had still not paid benefits with respect to these particular bills. Defendant also denied coverage for the costs incurred when plaintiff's son, Joseph Allen, was born.

PREGNANCY EXPENSES
Plaintiff has sued defendant insurance company for its failure to pay the medical expenses for the delivery of his youngest son. There is no dispute that had plaintiff not been discharged from his employment, *1274 that the expenses of the delivery would have been covered under the insurance policy. For its part, defendant maintains that plaintiff's insurance terminated on his discharge and that they were not responsible for the cost of his wife's pregnancy incurred subsequent to his dismissal.
The policy itself provides that the insurance of an employee will automatically terminate on the termination of his employment. Although the policy sets forth several exceptions to this general rule that coverage terminates on the termination of employment, none of them are applicable to the present situation.[1]
In part, the trial court seems to have found that the expenses of the delivery were covered based on the fact that the policy did not explicitly exclude such coverage, and that, as a result, it was ambiguous. We, however, do not feel that the lack of a specific exclusion rendered the policy ambiguous with respect to coverage for pregnancy expenses incurred after an employee's discharge of employment. The policy was structured so as to generally exclude any coverage for expenses incurred after an employee's discharge. It then set forth certain exceptions to this general rule. Since the delivery expenses did not fall within any of these exceptions, they were clearly excluded from coverage under the general exclusion.
Even though the policy itself did not provide coverage for Mrs. Harrington's pregnancy expenses following her husband's discharge, it is still possible that these expenses were covered. If the failure to provide coverage for these expenses was in contravention of the insurance code, the policy may be amended to provide the coverage. LSA-R.S. 22:213(B)(8); See also Cataldie v. Louisiana Health Service & Indem., 456 So.2d 1373 (La.1984). We can find no statute, however, that would prohibit the termination of benefits as provided by the policy. The policy could and did provide that delivery expenses incurred after an employee's discharge were not covered. The trial court erred in awarding these expenses.

PENALTIES
Since plaintiff was not entitled to recover the expenses of his son's delivery, the amount which the trial court awarded as a penalty for defendant's failure to pay these expenses must be disallowed. In addition to the delivery expenses, the trial court also held that defendant was liable for several medical bills incurred for the care of plaintiff's daughter before plaintiff's discharge and awarded penalties and attorney's fees for defendant's failure to pay these bills.
As we stated above, two of these bills remained unpaid at the time of trial. At trial, defendant defended its failure to pay benefits for these two bills on the basis that plaintiff had failed to complete and return forms which the insurance company provided for making a claim. At trial, Mrs. Harrington testified that she thought that the hospital had completed the forms and sent them to SLEMCO. She further testified that when she received the bills, she telephoned SLEMCO and spoke to a Mr. Musick, who advised her that the bills would not be paid because her husband had been discharged.
When an insurance company denies liability for a claim under an insurance policy, it abandons its right to compel the claimant to comply with the preliminary provisions of the policy regarding furnishing of proof of loss. Thomas v. Lighthouse Life Insurance Company, 422 So.2d 575 (La.App. 3 Cir.1982), citing Robicheaux v. Calvert Fire Insurance Co., 171 So.2d 264 (La.App. 1 Cir.1965). Although it is *1275 not clear that SLEMCO or defendant actually denied liability, SLEMCO at least discouraged plaintiff from filing any claims[2], and we feel that this excuses the failure of plaintiff to provide defendant with completed forms.
At any rate, following the filing of this suit, Mrs. Harrington gave a deposition at which defendant's attorney was present. At that time, Mrs. Harrington provided defendant with all the information it needed to process plaintiff's two unpaid claims. Defendant's continued failure to pay these claims was without just and reasonable grounds, and plaintiff is entitled to penalties and attorney's fees. LSA-R.S. 22:657(A). The two claims which defendant failed to pay amount to $664.00. Therefore, plaintiff is entitled to recover double this amount, or $1,328.00, plus attorney's fees. The trial court awarded $5,000.00 in attorney's fees, and we will affirm that award.

DECREE
For the foregoing reasons, the judgment of the trial court is amended as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of plaintiff, JOHN HARRINGTON, and against the defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA, in the amount of ONE THOUSAND THREE HUNDRED TWENTYEIGHT AND NO/100 ($1,328.00) DOLLARS, with legal interest from the date of judicial demand, until paid.
In all other respects, the judgment of the trial court is affirmed. Costs on appeal are assessed equally (50/50) against plaintiff and defendant.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
DOMENGEAUX, J., dissents in part and assigns reasons.
DOMENGEAUX, Judge, dissenting in part.
I respectfully dissent from the portion of the majority opinion which denies the plaintiff expenses in connection with his wife's pregnancy and subsequent delivery.
1. Regardless of the rider which deleted all references to pregnancy contained in the policy, La.R.S. 22:213(B)(7), on the subject of "Cancellation" (Termination) should apply here. In part, that statute reads:
"... Such cancellation should be without prejudice to any claim originating prior thereto...."
Mrs. Harrington was pregnant at least three months prior to the termination of the policy. It cannot be intelligently argued that had plaintiff's employment not been terminated, his wife would have been covered for expenses incurred in connection with her pregnancy, including childbirth. La.R.S. 22:213(B)(7) mandates coverage for the simple reason that plaintiff's termination prejudiced his claim which originated prior thereto. A close reading of the recent Supreme Court case of Cataldie v. Louisiana Health Service & Indemnity Company, 456 So.2d 1373 (La.1984) lends umbrage to this conclusion.
2. The court in Cataldie, supra, did not resort to the "abuse of rights doctrine" because it concluded that the facts therein were governed by contract and statutory law. The court did however recognize the doctrine, and I suggest (assuming that statutory law would not apply here) that this case is ripe for its application. The doctrine, simply stated provides that a health insurance policy cannot be terminated as to illness, injury or condition arising before the insurer's cancellation. (See the treatment of the abuse of rights doctrine in Cataldie, supra.) Mrs. Harrington's condition, i.e., pregnancy, certainly arose prior to the termination of the policy.
Therefore, I would award the additional amount proven for pregnancy and delivery *1276 expenses, and increase the penalties accordingly under La.R.S. 22:657(A).
For the above reasons, I respectfully dissent in part.
NOTES
[1] At one time, the policy did provide coverage for pregnancy expenses incurred after an employee's discharge where the pregnancy began before the discharge, but the policy had been amended at the time of plaintiff's discharge. At the time of plaintiff's discharge, the policy only provided such extended coverage if the employee's wife was totally disabled as a result of her pregnancy at the time of the employee's discharge. Plaintiff's wife was not disabled at the time of his discharge.
[2] The trial court found, and we agree, that SLEMCO was acting as an agent for defendant when it handled plaintiff's insurance claim.