DOUCET, Judge.
This appeal arises out of a suit by plaintiffs, Mr. and Mrs. Ronald Paul Hebert, for maternity benefits allegedly due pursuant to an employee benefit plan of Red Simpson, Inc., the former employer of Mr. Hebert. The trial court rendered judgment in favor of plaintiffs and from this judgment defendant Red Simpson, Inc. Medical Benefits Trust now appeals.
At the time Mr. Hebert was employed by Red Simpson, Inc., the company had in effect an employee benefits plan called the Red Simpson, Inc. Medical Benefits Plan (the Plan), which plaintiffs assert was a health insurance policy. The Plan provided for coverage of certain enumerated medical and hospitalization expenses for eligible employees of Red Simpson, Inc. and their dependents, including coverage for maternity expenses. The Plan also provided that coverage for employees terminated on the date their “active service” with Red Simpson, Inc. terminated and that coverage for employees’ dependents terminated on the samé date.
Mrs. Hebert learned that she was pregnant on January 7, 1985. Mr. Hebert was laid off from his employment with Red Simpson, Inc. on January 14, 1985. Mrs. Hebert gave birth prematurely to twins on June 21, 1985, one of whom died the same day. The expenses related to Mrs. Hebert’s pregnancy and delivery totaled $21,-520.00. The Louisiana Department of Health and Human Resources has paid $18,780.08 of that total.
Plaintiffs filed claims under the Plan for coverage of expenses associated with Mrs. Hebert’s pregnancy and delivery and these claims were refused. Plaintiffs then sued to recover benefits that they alleged were due pursuant to the Plan, alleging arbitrary and capricious refusal to pay benefits. They prayed for judgment in their favor in an amount equal to benefits alleged to be due them under the Plan, plus interest, reasonable attorney fees, statutory penalties under the Louisiana Insurance Code, and for all costs. Plaintiffs originally sued a number of defendants, but pursuant to a pre-trial stipulation all defendants except the Red Simpson, Inc. Medical Benefits Trust and the Hermitage Indemnity Trust were dismissed from the suit.
*753 After trial on the merits, the trial court ruled from the bench, finding that the Plan was an insurance policy governed by Louisiana law and that, notwithstanding any authority to the contrary, the court believed the public policy of the State of Louisiana to be that the Plan should be interpreted to cover Mrs. Hebert’s pregnancy and delivery expenses. The court rendered judgment in favor of plaintiffs and against defendants in the sum of $19,-320.97, together with legal interest and costs. Further, the judgment stated that the portion of the judgment payable by Red Simpson, Inc. Medical Benefits Trust was $10,000, total, and that the portion of the judgment payable by Hermitage Indemnity Trust was all amounts over $10,000., including interest and costs. This apportionment was pursuant to a pre-trial stipulation by the defendants.
The Red Simpson, Inc. Medical Benefits Trust now appeals this judgment. The Hermitage Indemnity Trust has not appealed.
An examination of the record reveals that the Plan in effect at the time Mr. Hebert was discharged from his employment with Red Simpson, Inc. provided that his wife’s coverage automatically terminated on the date his employment with Red Simpson, Inc. ended. The evidence shows that, notwithstanding this automatic termination of Mrs. Hebert’s coverage under the Plan, benefits otherwise payable to her under the Plan would be extended after termination for any medically necessary in-patient hospital stay, provided the hospital admission preceded the termination of coverage. The Plan also provided that this extension of coverage would continue until the date of discharge from the hospital, but no longer than 31 days following the date of termination of coverage.
The record reveals that the total amount actually expended by plaintiffs for Mrs. Hebert’s maternity expenses was $2,740.89 and that no more than $62.90 of the medical expenses plaintiffs claim are covered by the Plan were incurred before Mrs. Hebert’s coverage under the Plan was terminated. None of the expenses were incurred in connection with a hospital stay that began before her coverage terminated. The $62.90 expense incurred before Mrs. Hebert’s coverage terminated pertained to a pregnancy test by her gynecologist. This expense was not related either to an “injury” or a “sickness” covered by the Plan as those terms are defined in the Plan. Also, this expense was not among the charges included in maternity expense benefits provided under the Plan. Further, this amount is includable in the deductible under the provisions of the Plan. Therefore, according to the terms of the Plan, none of plaintiffs’ claims were covered by the Plan.
Defendant asserts that the Plan was not an insurance contract as defined by Louisiana law, but rather a health benefit plan governed by the Employee Retirement Income Security Act of 1974, commonly known as “ERISA,” and thereby exempted from the provisions of the Louisiana Insurance Code. Alternatively, defendant asserts that even if the Plan was governed by Louisiana law, the termination of all benefits under the Plan when Mr. Hebert’s employment terminated was not contrary to Louisiana law.
Initially, we note that the provisions of ERISA provide no remedy which would allow plaintiffs to recover the expenses claimed under the circumstances of the instant case, nor do plaintiffs assert such a remedy. Further, even if the Plan under consideration herein is governed by Louisiana law as the trial court found, plaintiffs are still unable to recover the expenses claimed. The trial court found that denial of coverage under the circumstances of the instant case is contrary to the public policy of the State of Louisiana. We disagree.
Plaintiffs have sued defendants for their failure to pay the medical expenses for Mrs. Hebert’s pregnancy and delivery. Defendant maintains that plaintiffs’ coverage under the Plan terminated when Mr. Hebert was laid off from his employment and that it is not responsible for the cost of his wife’s pregnancy incurred subsequent to his dismissal.
As stated previously, the Plan itself provides that the coverage of an employee and *754 his dependents terminates on the termination of his employment. Although the Plan sets forth an exception to this general rule that coverage terminates on the termination of employment, it is not applicable to the present situation.
In part, the trial court seems to have found that the expenses of the pregnancy and delivery were covered based on the fact that the Plan did not explicitly exclude such coverage, and that, as a result, it was ambiguous. Harrington v. Prudential Insurance Company, 477 So.2d 1272, 1274 (La.App. 3rd Cir.1985) involved facts strikingly similar to those of the instant case. In that case the Court stated:
“We, however, do not feel that the lack of a specific exclusion rendered the policy ambiguous with respect to coverage for pregnancy expenses incurred after an employee’s discharge of employment. The policy was structured so as to generally exclude any coverage for expenses incurred after an employee’s discharge. It then set forth certain exceptions to the general rule. Since the delivery expenses did not fall within any of these exceptions, they were clearly excluded from coverage under the general exclusion.”
The policy provisions in Harrington, supra, were quite similar to those in the instant case. Therefore, we find that the Plan in the instant case was not ambiguous with regard to termination of coverage for pregnancy benefits.
In reviewing the award for pregnancy benefits in Harrington, supra, the Court held that the pertinent provisions of the insurance policy were not in contravention of the insurance code. See also: Trevino v. Prudential Insurance Co., 504 So. 2d 1179 (La.App. 3rd Cir.), writ denied, 506 So.2d 1230 (La.1987); Mezzacappo v. Travelers Insurance Co., 523 So.2d 291 (La.App. 3rd Cir.) writ denied, 531 So.2d 473 (La.1988). We reach the same conclusion in the instant case.
For the above and foregoing reasons the judgment of the trial court is reversed. All costs of this appeal are assessed against plaintiffs/appellees, Ronald Paul Hebert and Theresa Hebert.
REVERSED.