389 So.2d 864 (1980)
Harry LEVINE
v.
The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.
No. 10845.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Harvey J. Green, Metairie, for plaintiff-appellant.
Donovan & Lawler, Metairie, for defendant-appellee.
Before SAMUEL, REDMANN and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff's suit for outstanding as well as future medical expenses against the defendant who was both his employer and the insurer of the group medical policy by which plaintiff was covered.
The case was tried upon joint stipulations, including the following:
Plaintiff was employed as an insurance agent by the defendant on June 28, 1976. At this time, plaintiff was furnished a Certificate of Insurance by appellee. In February, 1977, appellant was stricken with cancer (myeola) and appellee's Comprehensive Medical Expense Insurance paid medical benefits for appellant's treatment. Appellant was also covered under the group policy for term life insurance ($22,000.00), accidental death and dismemberment injuries. Appellee bore the costs of all this insurance. On February 21, 1977, appellant became disabled and was placed on appellee's voluntary disability, which entitled appellant *865 to 23 benefit payments for the months of his employment. The 23 week period expired on July 29, 1977. While being paid disability, appellant remained an employee and his coverage continued under the group medical insurance. When his disability benefits ceased, appellant was unable to obtain a medical release to return to work and appellee terminated appellant's employment as of June 29, 1977. For 31 days after termination, appellee paid medical expenses incurred in that period. The defendant paid a total of $4,487.54 in medicals and $2,485.42 in disability payments.
In his written reasons for judgment, the trial judge stated:
"It is well settled that an insurance policy is a contract between the insured and insurer, and as such has the effect of law on the parties. LSA-C.C. Art. 1901; Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972).
"It is equally well settled that in the absence of conflict with statutory law or public policy, insurers may be unambiguous and clearly noticeable provisions limit their liability and impose reasonable conditions upon their obligations. Such provisions must be given effect as written. Oceanics, Inc. v. Petroleum Distributing Company, 292 So.2d 190 (La. 1974).
"The terms of the policy at issue in the instant suit are clear and unambiguous. Therefore, the language of the policy provisions must be given effect.
"In Matherne v. Prudential Insurance Co., 362 So.2d 823 (La.App. 3rd Cir. 1978), the Court upheld a similar policy provision which automatically terminated coverage upon termination of employment as not violative of public policy and thus could be given effect as intended.
"Considering the facts of the case, it is clear that the medical expenses incurred for which plaintiff seeks recovery were incurred while the policy was no longer in effect as to plaintiff and if the policy in question is to be enforced as written then it is axiomatic that plaintiff must be denied recovery. Matherne v. Prudential Insurance Co., supra.
Upon review this court finds no error of law or fact upon the part of the trial judge. The jurisprudence overwhelmingly provides for the results reached. Accordingly, the judgment of the district court is affirmed.
AFFIRMED.
REDMANN, J., specially concurring.
REDMANN, J., concurring.
Plaintiff rightly argues that a misleading descriptive pamphlet given to employees could oblige an insurer (or an employer) to pay benefits that the master policy does not intend. But the descriptive pamphlet here does not mislead.