486 So.2d 828 (1986)
Kerry LeBLANC
v.
TRAVELERS INSURANCE COMPANY.
No. CA/84/1397.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Randall A. Shipp, Baton Rouge, for Kerry LeBlanc.
Charles N. Malone and A. Clay Pierce, Jr., Baton Rouge, for Travelers Ins. Co.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal by defendant, Travelers Insurance Company, from a judgment in favor of plaintiff, Kerry LeBlanc, which condemned Travelers to pay LeBlanc the medical and surgical charges for the removal of a growth from his eye, plus penalties, attorney fees and costs, conditioned upon the plaintiff undergoing the surgical procedure within 60 days of the finality of the judgment.
The appellant contends that it is not liable to the plaintiff, because its group hospitalization plan policy afforded no coverage for the surgical procedure inasmuch as the surgery was not performed during LeBlanc's employment with Audubon Insurance Company, the company to which was issued the subject policy of group insurance.
On the other hand, it is plaintiff's position that there is coverage because the condition was diagnosed and surgery recommended during his employment with Audubon.
The evidence shows that LeBlanc was employed with Audubon from March, 1975, until March 13, 1981. On March 5, 1981, he was diagnosed as having a pterygium in his right eye. At that time the physician recommended surgery to remove the growth. Surgery was not performed at that time and has not yet been performed. Mr. LeBlanc testified that he made a claim for insurance coverage but that a company official told him "that because of my pending [impending] termination with the company *829 that Travelers felt that they were not actually liable for this particular claim." He was also advised by company letter dated March 18, 1981 that "coverage ends when your employment ends."
The evidence further shows that LeBlanc became employed with Medi-Save Pharmacies on March 23, 1981, and he is now covered by a new group policy.
The policy in dispute provides that insurance coverage shall terminate when the employee's employment with the employer shall terminate. The policy covers only expenses or charges incurred during employment and they are "deemed incurred as of the date the service is rendered or the purchase is made from which the expense or charge arises."
The terms of the policy at issue are clear and unambiguous. It is clear that plaintiff is seeking recovery of charges which will be incurred after the termination of coverage. Plaintiff did not incur the medical and surgical expenses for which he seeks recovery before his employment was voluntarily terminated. Although his condition was diagnosed prior to termination, no expenses or charges were "incurred" during his employment. As stated, coverage under the policy did not extend beyond the termination of his employment, and he is not entitled to benefits under this policy. Levine v. National Life and Accident Insurance Company, 389 So.2d 864 (La.App. 4th Cir.1980).
We hold that the trial court erred in awarding judgment in favor of plaintiff. For the above and foregoing reasons, we reverse the judgment appealed and render judgment in favor of defendant, dismissing plaintiff's suit at his costs.
REVERSED AND RENDERED.