517 So.2d 325 (1987)
Steven J. SONIAT and Debra Landry Soniat
v.
TRAVELERS INSURANCE COMPANY and Iberville Fabricators, Inc.
No. CA 86 1199.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Writ Granted January 15, 1988.
*326 Dana K. Larpenteur, Plaquemine, for plaintiff (appellee).
A. Clay Pierce, Jr., Baton Rouge, for defendant (appellant).
*327 Before LANIER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This is a suit to collect medical and hospitalization benefits under an employee group insurance policy.
FACTS:
Prior to May of 1984, Steven Soniat was employed by Iberville Fabricators, Inc. Since Iberville was a member of the Louisiana Association of Business and Industry (LABI), Iberville's employees were entitled to join the group health insurance plan administered by LABI. This plan was underwritten by Travelers Insurance Company.
During 1983 and part of 1984, Soniat had family coverage under this plan. A portion of the premiums for this coverage was deducted from Soniat's paycheck, with the remainder being paid by Iberville. Although premiums were deducted from Soniat's checks until sometime in April of 1984, Iberville failed to pay the premiums for March of 1984 or any month thereafter.
When the Soniats became aware that there was a potential problem with coverage they were particularly concerned because Mrs. Soniat was pregnant at the time. Mrs. Soniat contacted Travelers and was told that there would be coverage under the policy only until the end of April. Mrs. Soniat was also informed that her family coverage could be converted from the group policy to an individual policy, but that the latter would not cover a pregnancy originating before its effective date.
Iberville went out of business in late April or early May and Soniat's employment was terminated at that time. By letter dated May 21, 1984, Iberville received notice that its coverage under the group policy was cancelled for non-payment of premiums, effective March 1, 1984. The Soniats were not given any written notice of cancellation.
On June 22, 1984, Mrs. Soniat gave birth to a son. The Soniats filed a claim with Travelers for the expenses incurred in the delivery and the subsequent medical care of the baby, a total of $7,703.39. Travelers refused the claim, denying the existence of any coverage. Mr. and Mrs. Soniat thereafter filed suit against Iberville and Travelers claiming $15,406.78 (double the amount of their medical expenses), attorney fees and interest. They alleged they were entitled to double the medical benefits incurred as a penalty against defendants. Iberville did not answer the suit and a default judgment was taken against it for $15,406.78 (double the medical benefits incurred, minus the applicable deductible amount), plus interest, 25 percent attorney fees and costs. Iberville did not appeal this judgment and it is now final.
Plaintiffs proceeded to trial against Travelers on December 9, 1985. Following trial, the court denied an exception of res judicata which had been filed by Travelers and rendered judgment in favor of the Soniats and against Travelers for $15,406.78 (double the medical benefits due minus the applicable deductible amount) plus interest, attorney fees in the amount of $3,100.00 and costs. Travelers has perfected a suspensive appeal from this judgment. Subsequent to the lodging of this appeal, Travelers filed written exceptions in this Court raising the objections of no cause of action and lack of subject matter jurisdiction. The Soniats have responded with a brief in opposition to these exceptions.
ISSUES:
1. Does plaintiffs' petition state a cause of action?
2. Does the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., preempt the subject matter jurisdiction of the state court in this matter?
3. Does ERISA preempt the application of Louisiana state law to this matter?
4. Did the trial court err in denying Travelers' exception of res judicata?
5. Did plaintiffs' coverage under the Travelers policy terminate when Mr. Soniat was discharged by Iberville Fabricators?
6. Were all parties entitled to receive notice of cancellation given proper notice?
*328 ISSUES ONE, TWO AND THREE:
The basis of Travelers' exceptions of no cause of action and lack of subject matter jurisdiction is their claim that the remedy sought by plaintiffs under Louisiana law is preempted by ERISA, which provides regulations and enforcement provisions concerning employee benefit plans. See, 29 U.S.C. § 1001, et seq. Initially, we note that both a peremptory exception of no cause of action and a declinatory exception of lack of subject matter jurisdiction may be considered when raised for the first time on appeal if a written exception is filed with this court.[1] However, after full consideration of these exceptions, we conclude neither has merit. Plaintiffs' petition sets forth a claim for benefits allegedly due under the terms of the Travelers policy which is sufficient to establish a cause of action for breach of contract under both ERISA and state law. See, 29 U.S.C. § 1132(a)(1)(B).[2] Further, the provisions of ERISA specifically provide that state courts shall have concurrent jurisdiction with federal district courts regarding actions under 29 U.S.C. § 1132(e)(1).[3] Thus, it is clear both that plaintiffs' petition states a cause of action and that the trial court had subject matter jurisdiction over this matter.
Nevertheless, although neither of these exceptions have merit, an additional issue raised herein by a consideration of ERISA is whether it preempts the application of Louisiana law, requiring that federal common law be applied to the merits of this case. The Louisiana law which we conclude would normally be dispositive of this case is the case law that says it is not in contravention of the insurance code for a policy to provide that when an employee group insurance policy terminates by its express terms upon the termination of employment there is no coverage under the policy for pregnancy expenses incurred after the employee's discharge, even when the pregnancy commenced prior to the discharge. Trevino v. Prudential Ins. Co., 504 So.2d 1179 (La.App. 3d Cir.), writ denied, 506 So.2d 1230 (1987); Harrington v. Prudential Ins. Co., 477 So.2d 1272 (La. App. 3d Cir.1985); also see, LeBlanc v. Travelers Insurance Company, 486 So.2d 828 (La.App. 1st Cir.1986); Levine v. National Life & Accident Insurance Company, 389 So.2d 864 (La.App. 4th Cir.1980).[4] The determination of whether this case law *329 is preempted by ERISA requires analysis of the following ERISA provisions:
Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ... 29 U.S.C. § 1144(a)
... nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. 29 U.S.C. § 1144(b)(2)(A)
These two provisions are commonly referred to as the "preemption clause" and the "savings clause", respectively.
To summarize, ERISA's "preemption clause" preempts all state laws relating to employee benefit plans. However, the "saving clause" exempts from preemption any state laws which regulate insurance. In determining whether a state law "regulates insurance" so as to fall under the "savings clause", the language of this clause should be viewed from a common-sense perspective. Pilot Life Ins. Co. v. Dedeaux, ___ U.S. ___, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). "A common-sense view of the word `regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." Pilot, 107 S.Ct. at 1554. Other significant factors relevant to this determination are: (1) whether the law has the effect of spreading a policyholder's risk; (2) whether the law relates to an integral part of the policy relationship between the insurer and the insured; and, (3) whether the law is limited to entities within the insurance industry. Pilot, 107 S.Ct. at 1553.
Applying this analysis to the Louisiana law in question, we find no preemption has occurred. This law clearly concerns the integral policy relationship between the insurer and the insured and is directed exclusively toward the insurance industry. We conclude this law is saved from preemption because it regulates insurance. Accordingly, Louisiana insurance law rather than federal common law is applicable to this case.
ISSUE FOUR:
At the hearing held to confirm the default judgment against Iberville, plaintiffs' counsel argued that Iberville should be treated as an insurer for purposes of imposing double damages under La.R.S. 22:657,[5] because its actions in deducting money from Mr. Soniat's paycheck, then failing to pay these premiums, was "tantamount to taking a role as an insurer (sic) in this matter ...". The trial court apparently accepted this argument and awarded double damages against Iberville pursuant to La.R.S. 22:657, a statute applicable only to insurers and self-insurers.[6] Travelers argues that this judgment rendered the issue of the identity of plaintiffs' insurer res judicata and plaintiffs therefore could not obtain judgment against Travelers as their insurer. This argument is without merit.
In order to sustain an exception of res judicata, the following requisites must be met: (1) the thing demanded must be the same; (2) the demand must be founded on the same cause of action; and, (3) the demand must be between the same parties. La.Civ.Code art. 2286.[7] The absence of any one of these elements is fatal to an exception of res judicata. Higgins v. State, Dept. of H. & H. Resources, 451 So.2d 142 (La.App. 1st Cir.1984). Further, res judicata is stricti juris and can not be sustained where there is any doubt as to its application. Id.
In the present case, there is no identity of parties nor are the demands against *330 Travelers and Iberville founded on the same cause of action. For purposes of determining an exception of res judicata, "cause of action" essentially means the grounds upon which the demand is based. Lamb v. Lamb, 411 So.2d 1 (La.1982). Plaintiffs' claim against Iberville is based primarily upon Iberville's failure to pay the insurance premiums and its wrongful conversion of money deducted from Mr. Soniat's paychecks. On the other hand, plaintiffs' claim against Travelers is based on a contract of insurance.
For these reasons, we find no error in the trial court's denial of Travelers' exception of res judicata.
ISSUE FIVE:
Travelers contends the trial court erred in finding there was coverage for the claimed expenses, since these expenses were incurred after Mr. Soniat's employment was terminated. However, plaintiffs take the position that there was coverage due to the fact that Mrs. Soniat's pregnancy began prior to Mr. Soniat's termination. In support of their position, plaintiffs rely on La.R.S. 22:213(B)(7), which provided at the pertinent time in question that "cancellation shall be without prejudice to any claim originating prior thereto."
However, we find that this provision, which specifically pertains only to cancellations, is not applicable in the present situation. A cancellation and a termination of an insurance policy are two separate and distinct acts, each carrying significantly different legal requirements and consequences. See McKenzie, W. Shelby and Johnson, H. Alston, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 286 (1986). At this point, we are concerned only with Travelers' argument that, regardless of the validity of the purported cancellation, coverage terminated under the terms of the policy on the last day of the month during which Mr. Soniat was discharged by Iberville.[8]
Examining the provisions of the policy itself, we note it provides that an employee's coverage terminates on the last day of the month in which his employment is terminated. The policy provides for the coverage of pregnancy expenses after termination only in cases where the pregnancy causes continuous and total disability from the termination date until the date the medical expenses are incurred. This provision does not help plaintiffs' position since Mrs. Soniat was not disabled at any time during her pregnancy.
The policy in question clearly and unambigiously provides that coverage will not extend beyond the last day of the month in which an employee is terminated, except in limited circumstances not applicable here. Such provisions have been found to be not against public policy or in contravention of the insurance code, and have been held to validly exclude coverage, even in cases where the condition giving rise to the claimed expenses began before the date of termination. Trevino, supra; Harrington, supra; LeBlanc, supra; Levine, supra.
Since Mr. Soniat's employment was terminated in either late April or early May of 1984, the last possible date upon which there could have been coverage under the terms of the policy was May 31, 1984. The expenses claimed by plaintiffs were not incurred until the birth of their son on June 22, 1984. Under these circumstances there was no coverage. The trial court erred in awarding judgment in favor of plaintiffs.[9]
*331 ISSUE SIX:
In view of our finding on the previous issue, it is unnecessary for this court to consider the issue of whether plaintiffs were entitled to receive written notice of the cancellation of the group policy. Regardless of the resolution of this issue, there is no question that coverage terminated under the terms of the policy no later than May 31, 1984, well before the expenses were incurred. Accordingly, we pretermit consideration of the issue regarding notice of cancellation.
For the above reasons, the judgment of the trial court is reversed and judgment is rendered in favor of Travelers, dismissing plaintiffs' suit at their costs.
REVERSED AND RENDERED.
NOTES
[1] It is well-settled that a peremptory exception of no cause of action may be considered for the first time in the appellate court, even on the court's own motion. La.Code Civ.P. arts. 927 and 2163. Generally, declinatory exceptions are waived unless pleaded prior to answer or judgment by default. La.Code Civ.P. arts. 925 and 928. However, an appellate court has discretion to consider an exception of lack of subject matter jurisdiction filed in that court, because this exception goes to the core of the judgment's validity and is expressly exempted from the waiver provision of art. 925. La.Code Civ.P. art. 3; La.Code Civ.P. art. 925, Dehaven v. Dehaven, 412 So.2d 537 (La.1982).
[2] 29 U.S.C. § 1132(a)(1)(B) provides as follows:

(a) Persons empowered to bring a civil action
A civil action may be brought
(1) by a participant or beneficiary
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; (Emphasis added)
[3] 29 U.S.C. § 1132(e)(1) provides as follows:

(e) Jurisdiction
(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section. (Emphasis added)
[4] This case law was codified by Act 249, § 1 of 1985, effective September 6, 1985, which added the following provision to La.R.S. 22:215:

(e) Except as may otherwise be provided in the policy or contract of group health and accident insurance, the insurer shall not be liable for benefits accrued, or for expenses incurred for services rendered, subsequent to the termination date where the policy of insurance terminates for failure of the group policyholder to pay premiums or where the employee's or member's coverage terminated for failure of the employee or member to maintain eligibility as provided in the policy or contract of group health and accident insurance.
[5] The transcript of the confirmation hearing reveals that plaintiffs' counsel actually cited La. R.S. 22:601 as authority for the claim of double damages. However, it is obvious that this was an error and that the authority relied upon by plaintiffs' counsel was actually La.R.S. 22:657.
[6] We express no opinion as to the appropriateness of this judgment since it was not appealed and is now final.
[7] This provision was redesignated as La.R.S. 13:4231 pursuant to Acts 1984, No. 331, § 7, effective January 1, 1985.
[8] For this same reason, plaintiffs' argument that Cataldie v. Louisiana Health Service & Indem., 456 So.2d 1373 (La.1984) is dispositive of this case is without merit Cataldie dealt with the cancellation of a policy, not a termination of coverage on the basis of a termination of employment.
[9] Plaintiffs' argument that Travelers was liable to them on the basis that it failed to properly inform plaintiffs of their conversion rights is without merit. Although the Travelers policy did confer a right upon plaintiffs to convert the group policy to an individual policy upon termination of employment, it also specifically provided that the form of this policy and its benefit amounts "will not necessarily be identical to those of the group policy". Thus, plaintiffs had no absolute right to convert to an individual policy which would have covered Mrs. Soniat's pregnancy. The evidence showed that the individual policy which was available to plaintiffs would not in fact have covered her pregnancy expenses, since the pregnancy commenced before the effective date of the conversion policy. The evidence also shows that plaintiffs were aware of the conversion policy which was available and its terms, having been specifically informed of it by an agent of Travelers.