540 So.2d 488 (1989)
Mary Margaret PERKINS
v.
SHELTER INSURANCE COMPANY.
No. 88 CA 0089.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Ron S. Macaluso, Hammond, for plaintiff-appellee.
Kenner O. Miller, Jr., Baton Rouge, J.R. Schmidt, Hammond, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
This is a suit to collect medical expenses under an employee group insurance policy for employees of Dixie Motors, Inc., of Hammond, Louisiana, said policy having been issued by Shelter Insurance Company in 1981. The claim for medical expenses arose out of an automobile accident which occurred on June 9, 1983, said accident causing personal injuries to Mary Margaret Perkins. Mack H. Perkins, Mary's father, had been employed by Dixie Motors, Inc. up until May 23, 1983, when his employment was terminated by Dixie.
At the time that Shelter first became the group health and accident insurer for Dixie, Mr. Perkins was an employee. Early on, Mr. Perkins filled out an application as *489 a full-time employee of Dixie and received a copy of the policy.[1] In addition, the application reflected that Mr. Perkins and his dependents were the insured on the policy. His dependents included his wife and three children, including Mary Margaret Perkins. It was at this time that Mr. Perkins began contributing to the plan.
This particular group health and accident policy was a 50/50 contributory plan. Dixie Motors would contribute one-half of the respective employee's insurance premium, with the employee paying the other half. In practice, Dixie would receive a premium notice on the 15th or 20th of the preceding month in which the premium was due. At that time, Dixie would also receive a computer printout of all employees currently on the insurance plan. If the list of employees correctly reflected those insured and the required premium, Dixie would then issue a check to Shelter for the full month's premium due, including the 50% portion owed by each employee. Then, during the course of that particular month, the employee's portion of the insurance would be deducted from each paycheck, in equal amounts, until it amounted to the 50% portion advanced by Dixie.
This procedure continued from its inception through the time that Mr. Perkins' employment was terminated on May 23, 1983. However, the premium for Mr. Perkins had been paid for the entire month of May, 1983. When the June, 1983 premium notice was received by Dixie, sometime in May of 1983, Mr. Perkins' name was deleted from the list, and the amount due for his insurance coverage under the group plan was deducted from the total amount of premium due. Therefore, no payment was made by either Mr. Perkins or Dixie for the insurance premium due for the month of June, 1983, or any time thereafter.
The accident which caused the injuries and resulted in the medical expenses at issue in this lawsuit occurred on June 9, 1983. At the time of the accident, Ms. Perkins was 19 years old and was not a full-time student at an institution of higher learning or a vocational institute. Ms. Perkins had last been a student in the spring semester of 1982, at which time she was enrolled as a part-time student at Southeastern University in Hammond, Louisiana. Southeastern was the only institution that Ms. Perkins attended after her graduation from Independence High School in 1981.
The Perkins filed a claim with Shelter for the medical expenses incurred as a result of Ms. Perkins' injuries. Shelter refused the claim, denying the existence of any coverage. Mack H. Perkins and Mary Margaret Perkins filed suit against Shelter for medical expenses, penalties, attorney fees and interest. Trial on the merits was held on March 18, 1987 and judgment was rendered on July 2, 1987, in favor of the Perkins and against Shelter for medical expenses, interest and court costs. Shelter has perfected a suspensive appeal from this judgment assigning the following assignments of error:
1. The trial court erred in ruling that Mack H. Perkins was an insured under the provisions of the policy at the time of the accident because he had not received a notice of cancellation.
2. The trial court erred in ruling that Mary Margaret Perkins was an insured under the provisions of the policy at the time of the accident because Mack H. Perkins had not received a notice of cancellation when Mary Margaret Perkins became disqualified as a covered dependent under the terms of the policy.
Shelter contends the trial court erred in finding there was coverage for the claimed expenses since these expenses were incurred after Mr. Perkins employment was terminated. However, the trial court held that there was coverage because no notice of cancellation was given to Mr. Perkins.[2] In support of their position at *490 the trial court level,[3] the Perkins relied upon LSA-R.S. 22:636 which requires that the insurer send written notice of cancellation in order for cancellation to be effective.
However, we find that this provision, which specifically pertains only to cancellation, is not applicable in the present situation. A cancellation and a termination of an insurance policy are two separate and distinct acts, each carrying significantly different legal requirements and consequences. Soniat v. Travelers Insurance Co., 517 So.2d 325 (La.App. 1st Cir.1987), rev'd on other grounds, 538 So.2d 210 (La.1989); Trevino v. Prudential Insurance Co., 504 So.2d 1179 (La.App. 3rd Cir.), cert. denied, 506 So.2d 1230 (La.1987).
Termination of a policy occurs for reasons such as termination or cessation of employment under a group policy with the employer. See McKenzie, W. Shelby and Johnson, H. Alston, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, 3286 (1986). The policy here involved terminated under the terms of the policy when Mr. Perkins ceased to be an employee.
Examining the provisions of the policy itself, we note it provides that an employee's coverage terminates on the date of the termination of his or her employment. The policy in question clearly and unambiguously provides that coverage will not extend beyond the date the employee is terminated, except in limited circumstances not applicable here. Such provisions have been found to be not against public policy or in contravention of the insurance code, and have been held to validly exclude coverage. Soniat, 517 So.2d at 330; Trevino, 504 So.2d at 1182; Harrington v. Prudential Insurance Co., 477 So.2d 1272 (La.App. 3rd Cir.1985); Levine v. National Life and Accident Insurance Co., 389 So.2d 864 (La. App. 4th Cir.1980).
Since Mr. Perkins employment was terminated on May 23, 1983 and the premium for Mr. Perkins had been paid for the entire month of May, 1983, the last possible date upon which there could have been coverage under the terms of the policy was May 31, 1983. The expenses claimed by the Perkins were not incurred until the accident on June 9, 1983. Under these circumstances there was no coverage. The trial court erred in awarding judgment in favor of Mack H. Perkins and Mary Margaret Perkins.
In view of our finding that Mack H. Perkins coverage was terminated and he was not insured under the provisions of the policy at the time of the accident, it is unnecessary for this court to consider whether Mr. Perkins was entitled to receive written notice of cancellation of the group policy. In addition, we pretermit consideration of the issue concerning the coverage of Mr. Perkins' daughter as a covered dependent under the policy.
We further note that the Shelter policy did confer a right upon Mr. Perkins to convert the group policy to an individual policy within 31 days after termination of the policy. Mr. Perkins testified that he did not attempt to exercise the conversion rights provided under the terms of the policy. The trial court stated in its written reasons for judgment that: "Plaintiff could have easily obtained other coverage, had he been made aware of a cancellation and/or termination of coverage." The conversion rights under the terms of the policy were clear and unambiguous. Mr. Perkins could have obtained continued coverage by exercising his conversion rights within 31 days of May 31, 1983.
However, he chose not to continue coverage via his conversion rights. The insured is presumed to know the provisions of his policy and the insurer is not statutorily bound to send written notice of conversion rights. Matthews v. Business Men's Assurance Company of America, 478 So. 2d 634 (La.App. 2d Cir.1985).
For the above reasons, the judgment of the trial court is reversed and judgment is *491 rendered in favor of Shelter, dismissing plaintiffs' suit. Plaintiff to pay all costs.
REVERSED AND RENDERED.
NOTES
[1] Trial testimony of Mack H. Perkins, trial record p. 224.
[2] The trial court stated in its written reasons for judgment that: "Regardless of any provisions of the policy, to hold that the policy was cancelled under these circumstances would be a serious violation of public policy."
[3] The Perkins did not respond to the appeal filed by Shelter.