665 So.2d 1272 (1995)
Robert B. TASSIN, Jr.
v.
CITY OF WESTWEGO and Pan American Life Insurance Company.
No. 95-CA-307.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1995.
Rehearing Denied January 17, 1996.
Robert B. Tassin, Jr., IPP, Angola, for Plaintiff/Appellant.
Jerald L. Album, Charles V. Giordano, Abbott, Simses, Album, Knister & Baynham, New Orleans, for Defendant/Appellee.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
Plaintiff, Robert Tassin, Jr., appeals a judgment of the trial court which granted a motion for summary judgment filed by defendant, Pan American Life Insurance Company (Pan American) and dismissed the case. We reverse.
This pro se action was initiated on July 25, 1994 when Robert Tassin, Jr. filed suit for accidental death insurance benefits allegedly due for the death of his father, Robert Tassin, Sr. According to the petition, Mr. Tassin, Sr. began working for the City of Westwego on or about February 26, 1990 as a smoke tester at the Wastewater Department. He was seriously injured in an accident while engaged in activity within the course and scope of his employment on June 17, 1991. As a result of that injury, Mr. Tassin, Sr. was unable to resume his duties at work and began receiving workers' compensation benefits. On August 19, 1993, he was involved in a vehicular accident which resulted in his death on August 21, 1993. At the time of this second accident, the decedent was still out of work and collecting workers' compensation benefits because of the injury sustained in the 1991 work related accident. There is no claim in this suit for any benefits relating to workers' compensation. However, his son, plaintiff herein, seeks to collect accidental death benefits as beneficiary to a group life insurance policy issued by Pan American to the City of Westwego, insuring its employees.
*1273 The facts, as set forth in the petition, concerning the decedent's employment, accidents, disability and death, are not disputed by defendants. Their argument is that the group life insurance policy was not in force at the time of Mr. Tassin, Sr.'s death. Pan American filed a motion for summary judgment asserting the termination of the policy prior to Mr. Tassin, Sr.'s demise. That motion was granted by the trial court, and is the basis for this appeal.
According to documentary evidence introduced into the record below, Pan American issued group life and accidental death benefits insurance policy number 25080 effective September 1, 1987 covering employees of the City of Westwego. That policy was revised effective January 1, 1988, and it is this revised policy which was in effect at the date of Mr. Tassin's Sr.'s hiring, disability and death. The policy provided $10,000.00 of group life insurance and $10,000.00 of accidental death coverage for Mr. Tassin, Sr. The policy is divided into two portions, life insurance and accidental death and dismemberment. It appears from the policy that the bulk of the premium is for the group life insurance with an additional, smaller premium for the accidental death benefit.
The eligibility clause is the same in both portions of the policy. It states:
ELIGIBILITY FOR EMPLOYEES
(Non-Contributory)
WHO IS ELIGIBLE?
All active full time employees, except temporary employees and part time employees. "Active full time employee" means an employee working not less than 30 hours per week.
Additionally, in the accidental death and dismemberment portion of the policy the following is pertinent:
DEFINITIONS
ACTIVE WORK/ACTIVELY AT WORKmeans performing all the normal duties of the employee's job for a full work day:
A. While physically present at his normal place of employment; or
B. At some other place of business the Policyholder requires him to go.
FULL TIME EMPLOYEEmeans an employee:
A. Performing all the normal duties of his job;
B. Working at least 30 hours per week; and
C. Who is not part-time or temporary.
The termination of coverage clauses differ in the group life section and the accidental death and dismemberment section, and there is nothing in the policy which references the reader from one termination of insurance clause to the other. In the group life portion of the policy the clause reads as follows:
TERMINATION OF INSURANCE FOR EMPLOYEES
His insurance will cease on the earliest of:
A. The date his membership in an eligible class ceases; or
B. The date his employment with the Policyholder ceases; or
C. The date premium payments for his insurance cease; or
D. The date the Policy ceases; or
E. The date he is pensioned or retired.
. . . . .
The Policyholder may:
A. Continue the employee's insurance if he is absent from work due to illness or injury;
The Policyholder must continue to pay premium during these periods. A plan which prevents individual selection must be followed.
In the accidental death and dismemberment portion of the policy the clause reads:
TERMINATION AND CONTINUANCE TERMINATION OF INSURANCE
Employee insurance will cease on the earliest of:
A. The date his membership in an eligible class ceases; or
B. The date his employment with the Policyholder ceases; or
C. The date he or the Policyholder cease premium payments for his insurance; or

*1274 D. The date the Policy ceases; or
E. The date he is pensioned or retired.
See "Continuance of Insurance" for exceptions to above.

CONTINUANCE OF INSURANCE
The Employee's Accidental Death and Dismemberment benefits may continue past the day it would cease as provided under "Termination of Insurance."
If premium is paid, his insurance will continue:
. . . . .
B. For up to two years after he ceases full time work due to illness or injury.

. . . . .
The parties agree that the City of Westwego opted to continue paying premiums for Mr. Tassin, Sr. after he was unable to work due to his injuries from the first accident on June 17, 1991. Pan American argues that the extended coverage period ended two years from that date, or June 17, 1993 pursuant to the exclusionary clause in the accidental death and dismemberment portion of the policy. It concludes that, since Mr. Tassin, Sr. died on August 21, 1993, two months beyond the maximum available extension period, coverage is excluded.
Pan American uses the "Termination of Insurance" section in the beginning of the policy which provides that the Policyholder (City of Westwego) may opt to continue payment of premiums. It then uses the "Continuation of Insurance" clause in the second part of the policy pertaining to accidental death and dismemberment to exclude coverage, arguing that the exclusionary clause automatically terminated coverage on June 17, 1993.
Plaintiff argues that the policy is ambiguous because there is no reference made to the exclusionary clause in the first portion of the policy which provides that the Policyholder may continue coverage for an employee who is absent from his work because of illness. He further argues that the City of Westwego continued to pay, and Pan American continued to accept premiums after the two year period. Therefore, coverage continued beyond the two year termination date.
In support of this argument in the trial court, plaintiff offered an affidavit executed by his sister, Dawn Tassin Shaw, who stated that she personally gathered all documents in the possession of her father regarding the insurance policy in question at the time of his death. She asserts that she is certain no notice of termination or cancellation of the policy is among those documents. The plaintiff also offered copies of monthly statements from Pan American which show that premiums were paid by the City of Westwego on Mr. Tassin Sr.'s behalf though the month of August, 1993. The documentary evidence in the record offered by plaintiff indicates that the City of Westwego lined through Mr. Tassin, Sr.'s name on the September 1, 1993 billing from Pan American noting that Mr. Tassin was deceased on August 21, 1993. But it appears that the City of Westwego continued to pay, and Pan American continued to accept premiums until that date.[1]
Pan American did not offer any documentary evidence to refute plaintiff's assertion that the company accepted premiums for the month of August, 1993, and failed to notify the policyholder of any termination or cancellation of the policy.
After hearing the evidence, the trial court ruled in favor of Pan American, finding that coverage under the policy automatically ceased on the second anniversary of the decedent's first accident by the terms of the policy. The trial court further found that no notice was necessary under the law since the cessation of the policy was by termination under the terms of the contract, rather than by cancellation.
A motion for summary judgment is properly granted only on a showing that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue *1275 of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750.
We believe the showing by the plaintiff to be sufficient to defeat Pan American's motion for summary judgment. While we make no comment on the final outcome of a trial on the merits, we find the distinct possibility that Pan American accepted premiums beyond the two year period and did not cancel or terminate the policy in accordance with law warrants a denial of the motion for summary judgment. See: Johnson v. Nationwide Life Ins. Co., 388 So.2d 464 (La. App. 2d Cir.1980). Pan American relies on Perkins v. Shelter Ins. Co., 540 So.2d 488 (La.App. 1 Cir.1989). That reliance is misplaced since Perkins is clearly distinguishable from the instant case in that payment of premiums in Perkins was ceased prior to the month in which the allegedly compensable accident occurred. Here there is, as yet, unrefuted evidence presented by the plaintiff that premiums were paid for the months of June, July and August, 1993.
For the foregoing reasons, the ruling of the trial court is vacated. The motion for summary judgment is denied and the plaintiff's case is reinstated. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff has attached other documentary evidence to his brief filed in this court which cannot be considered because it was not introduced into the trial court record.