46 So.3d 674 (2010)
Donisha BROWN
v.
John DOE, Checker's Drive-In Restaurants, Inc. d/b/a Rally's Hamburgers, Inc., and ABC Insurance Company.
No. 09-CA-1032.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 2010.
Christian W. Helmke, Leonard L. Levenson, Attorneys at Law, New Orleans, Louisiana and Franz L. Zibilich, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Shannon S. Dartez, Hurlburt, Privat & Monrose, Attorney at Law, Lafayette, Louisiana, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and MARC E. JOHNSON.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Plaintiff, Donisha Brown, was an employee at a Rally's Restaurant in Jefferson Parish. She was working the drive-thru *675 window on March 21, 2005. On that date, the manager on duty was Shantell Davis. Davis was cleaning the oven and placed the can of oven cleaner on a shelf above the deep fryer. The can of oven cleaner then fell into the deep fryer and exploded. Brown and other employees in the restaurant were burned with hot grease. The injured employees, including Brown, were paid workers' compensation indemnity benefits and medical expenses.
On March 20, 2006, Brown filed a lawsuit in the Twenty-Fourth Judicial District Court against Checker's Drive-In Restaurant, Inc. d/b/a Rally's Hamburgers, Inc. She alleged she sustained injuries as a result of being burned by the hot grease due to the intentional acts of Davis. On April 25, 2008, defendants filed a motion for summary judgment alleging Brown's suit must be dismissed because her exclusive remedy is limited to workers' compensation benefits because she was in the course and scope of her employment with Rally's at the time of the explosion and injury. Brown opposed the motion arguing Rally's, through its employee, had wantonly and recklessly exposed her to the extremely dangerous and harmful environment which ultimately injured her, thus Rally's was liable to her for these intentional acts beyond its workers' compensation liability.
The trial court held a hearing on the motion for summary judgment January 21, 2009 and granted the motion. A written judgment was executed by the trial court granting the motion for summary judgment and dismissing Brown's suit on February 10, 2009. Brown now appeals this judgment. For the reasons which follow, we affirm the trial court's judgment granting defendants' motion for summary judgment and dismissing all claims of Brown.

DISCUSSION
A motion for summary judgment is properly granted only on a showing that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95) 665 So.2d 1272. Summary judgments are reviewed on appeal de novo. Tassin, supra, citing Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991). An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law. Tassin, supra, citing Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 731, 750.
On appeal, Brown argues the trial court erred in finding her exclusive remedy lies in La. R.S. 23:1032(A) of the Workers' Compensation Act. She further argues summary judgment is inappropriate because genuine issues of material fact remain because credibility determinations were made to determine the intent and knowledge of Davis, the manager.
La. R.S. 23:1032(A) provides as follows:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as *676 available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
In accordance with this section of the article, since Brown was injured while in the course and scope of her employment, her exclusive remedy for her injuries is workers' compensation. Brown argues the injuries she suffered were caused by the intentional acts of the restaurant's manager, Davis. Therefore, she argues the exception of La. R.S. 23:1032(B) applies. La. R.S. 23:1032(B) provides:
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
In accordance with this section of the article, if Brown's injuries were caused by an intentional act, she is entitled to pursue a tort claim against those who caused her injuries. The trial court found there was no intentional act and granted summary judgment in favor of defendants, dismissing Brown's tort claims. We agree with the trial court and find the conduct of Davis, the restaurant manager, does not amount to an intentional act.
The Louisiana Supreme Court addressed whether an act by an employee was an intentional act in Reeves v. Structural Preservation Systems, 1998-1795, (La.3/12/99), 731 So.2d 208. The Supreme Court in Reeves determined the meaning of an "intentional act" based on its previous decision in Bazley v. Tortorich, 397 So.2d 475 (La.1981), and a discussion of the legislative intent of the exception of La. R.S. 23:1032(B). The Supreme Court found the meaning of "intent" is when the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Reeves, supra, citing, Bazley, supra.
In Reeves, the Supreme Court further explained that "substantially certain to follow" requires more than a reasonable probability that an injury will occur. Reeves, supra, citing Jasmin v. HNV Cent. Riverfront Corp., 94-1497, (La.App. 4 Cir. 8/30/94), 642 So.2d 311. Further, believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. Reeves, supra.
In Bazley, the Supreme Court found the employee's acts of operating a garbage truck without a working horn, disregarding mechanical and electrical maintenance standards, failing to keep a lookout, failing to stop in a safe place and failing to warn the plaintiff of danger did not amount to an intentional act. Bazley, supra. In Reeves, the Supreme Court found that the employer's act of requesting that an employee manually moving a sandblasting pot, even though OSHA guidelines prohibited the pot from being moved manually and the supervisor feared someone would eventually get hurt if the pot was moved manually, was not an intentional act under the workers' compensation exception of La. R.S. 23:1032(B).
In this case, Davis was cleaning with an oven cleaner and placed the can on the shelf above the deep fryer. Another employee accidentally knocked the can of oven cleaner into the deep fryer of hot *677 grease. After the can fell into the fryer, Davis said "[w]hatever is in there, get it out." We find the act of placing the can of oven cleaner on the shelf above the fryer was not an intentional act by Davis, and further, Davis had no knowledge of what was in the fryer or that the item in the fryer would explode or cause injury. The evidence presented does not demonstrate that Davis consciously desired the physical result of the act, the can falling into the deep fryer and then exploding, nor did she know that the result was substantially certain to follow from the placing of the can on the shelf. Therefore, we find Davis' actions in placing the can on the shelf and then providing instructions to remove the object from the fryer did not amount to an intentional act. Davis' acts may have been negligent; however, we find they did not rise to the level of intentional.
On appeal, Brown has also argued that the depositions of two other employees involved in this incident, Tyquincia Aguillard and Symmeron Cole, should not have been admitted or relied on by the trial court because Brown was not represented at the deposition and had no opportunity to ask questions on cross examination. These two employees filed similar intentional tort claims against these same defendants in Orleans Parish Civil District Court. These claims were eventually dismissed on summary judgment after the Fourth Circuit Court of Appeal granted writs and reversed the trial court's denial of the motions.
In opposition on appeal, defendants claim copies of these depositions were provided to Brown well in advance and Brown had an opportunity to schedule a separate deposition in order to cross examine these witnesses. These two individuals were also listed by the defendants as witnesses for trial.
The trial court in this case has not provided reasons for judgment. We are unable to determine if the trial court actually relied on these depositions in deciding this motion for summary judgment. Nonetheless, we find these depositions were properly submitted by defendants in support of their motion for summary judgment and Brown was given an opportunity to conduct her own discovery to supplement these depositions.
Accordingly, we find the exception of La. R.S. 23:1032(B), for claims for intentional acts, does not apply to Brown's claims against defendants. Brown's exclusive remedy against defendants for her injuries as a result of the oven cleaner falling in the deep fryer and exploding, lies in workers' compensation. We find no genuine issues of material fact remain and defendants are entitled to judgment as a matter of law. Thus, the trial court correctly granted summary judgment in favor of defendants and this Court affirms that judgment.
AFFIRMED.
JOHNSON, J., Dissents in Part With Reasons.
JOHNSON, J., dissenting.
I, respectfully, dissent, in part, from the majority on the issue of whether the depositions of Symmeron Cole and Tyquincia Aguillard were admissible for summary judgment purposes pursuant to LSA-C.C.P. art. 966.
On appeal, Donisha Brown ("Brown") alleged that the trial court erred in failing to apply the proper evidentiary standards in granting the motion for summary judgment when the depositions her co-workers were admitted as evidence. Brown contends that the copies of the depositions attached to the motion for summary judgment were taken in other matters filed in *678 the Civil District Court in Orleans Parish, and she was not afforded the opportunity to ask questions during those depositions.
Conversely, Checker's Drive-In Restaurant, Inc., d/b/a Rally's Hamburgers, Inc. ("Rally's") avers that Brown was given notice well in advance of its motion that the depositions would be used in this litigation, and Brown had ample time to schedule her own depositions and cross-examine the deponents. Additionally, Rally's avers that the two deponents were co-employees of Brown who were involved in the same accident and suffered substantially the same injuries. However, Rally's fails to acknowledge that Brown was not a party to the actions wherein those depositions were taken.
LSA-C.C.P. art. 1450 permits a deposition taken in one case to be used in another case brought against the same parties involving the same subject matter. Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602, 605 (La.App. 4th Cir.1979). Depositions in other proceedings are, however, collateral depositions and are not depositions "on file" for use in summary judgments, as required by LSA-C.C.P. art. 966(B), and should not be considered in a motion for summary judgment. Bell v. Gold Rush Casino, 04-1123, p. 7 (La. App. 3 Cir. 2/2/05); 893 So.2d 969, 973.
I agree with Brown that the two depositions from her co-workers should not have been admitted for consideration of the summary judgment. The two depositions were taken for the purposes of litigating the actions brought in Orleans Parish, and Brown did not have the opportunity to cross-examine the deponents because she was not a party to their actions. Those depositions were collateral depositions and should not have been considered by the trial court in this matter. However, I find that the admissions of the depositions constituted harmless errors by the trial court. Absent the depositions of the co-workers, the trial court had sufficient evidence to conclude that there were no remaining genuine issues of material fact to decide.