# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1449

**DUPONT BUILDING, INC.**

**VERSUS**

**WRIGHT AND PERCY INSURANCE, A TRADENAME OF BANCORPSOUTH INSURANCE SERVICES, INC. AND CHARLES M. WARD**

************

## APPEAL FROM THE
## THIRTY-EIGHTH JUDICIAL DISTRICT COURT
## PARISH OF CAMERON, NO. 10-17585
## HONORABLE PENELOPE RICHARD, JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**David P. Bruchhaus**
**Chad E. Mudd**
**M. Keith Prudhomme**
**410 E. College St.**
**Lake Charles, LA 70605**
**Counsel for Plaintiff-Appellant:**
> **Dupont Building, Inc.**

**J. Michael Veron**
**J. Rock Palermo, III**
**Turner D. Brumby**
**P.O. Box 2125**
**Lake Charles, LA 70602**
**Counsel for Defendants-Appellees:**
> **Wright & Percy Insurance, BanccorpSouth Insurance Services,**
> **and Charles M. Ward**

**Charles P. Carriere, III**
**Haeuser Bldg., Ste. 207**
**8200 Hampson St.**
**New Orleans, LA  70118**
**Counsel for Defendants-Appellees:**
  **Wright & Percy Insurance, BanccorpSouth Insurance Services,**
  **and Charles M. Ward**

**Robert J. David, Jr.**
**P.O. Box 51268**
**Lafayette, LA 70505**
**Counsel for Defendant-Appellee:**
  **American International Specialty Lines Insurance Company**

**PAINTER, Judge**

Plaintiff, Dupont Building, Inc. (Dupont Building), appeals the dismissal of its action against Defendants, Wright & Percy Insurance (Wright & Percy), BanccorpSouth Insurance Services (Banccorp), Charles M. Ward, and American International Specialty Lines Insurance Company, pursuant to an exception of prescription. For the following reasons, we affirm the judgment of the trial court.

## FACTS

Ricky Guidry and his wife purchased Dupont Building from Jim Dupont. Jim Dupont retained ownership of the buildings in which the business was housed and leased them to Dupont Building. After sustaining losses as a result of Hurricane Rita, Dupont Building filed suit against Defendants alleging that Ward, its insurance agent, negligently failed to obtain wind and hail damage coverage for the business's personal property. Defendants filed an exception of prescription, which the trial court granted finding that the prescriptive period began to run between March 1, 2002 and June 13, 2002, when, if the policies had been read, Plaintiff would have been aware that there was no insurance coverage for wind or hail damage to business personal property. Plaintiff appeals. Defendants answer the appeal, asking that in the case the exception of prescription is overturned, this court review the trial court's denial of their motion for summary judgment on liability filed at the same time as the exception of prescription.

## DISCUSSION

On appeal, Plaintiff raises the following issues:

1. Did Dupont Building have a close, trusting relationship with its insurance agent Charles Ward?

1

2. Can an insurance agent ever be liable for his misrepresentations and negligent actions regarding coverage after the insured has received the insurance policy and declarations page?

3. Do the negligent misrepresentations of an insurance agent regarding coverage interrupt the running of prescription after an insured has been provided the insurance policy and declaration page?

The trial court in its written reasons for judgment correctly summarized the applicable law and the underlying facts and addressed these issues as follows:

Louisiana Revised Statute 9:5606 provides

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. La.R.S. 9:5606.

It is undisputed that Dupont Building had insurance coverage on business personal property, including windstorm coverage, with Fulcrum Insurance Company, for the period of

2

January 1, 2001 until January 1, 2002. Thereafter, Fulcrum decided not to renew the policy with Dupont Building, but because it failed to provide timely notice of the intent not to renew, Fulcrum extended the policy until March 1, 2002. Mr. Ward testified by way of deposition that he had difficulty finding and obtaining similar coverage at an affordable price for Dupont Building. At this time, Mr. Ward testified that he and Mr. Guidry had a conversation regarding windstorm and flood coverage. He testified that Mr. Guidry had indicated that he had an evacuation plan in place in the event of a hurricane. The subsequent policy that Mr. Ward obtained for Dupont Building excluded windstorm coverage for the building and contents.[1] However, the buildings were owned by Jim Dupont at the time[,] and the lease between the Guidrys and Mr. Dupont required the Guidrys to maintain windstorm coverage on the buildings. When Mr. Ward notified Mr. Guidry that Mr. Dupont was requiring windstorm coverage on the buildings, Mr. Guidry instructed Mr. Ward to "go ahead and put it on the buildings." Mr. Ward purchased the windstorm coverage through Louisiana Insurance Underwriting Plan which had an effective date of June 13, 2002. The declaration sheet indicates the four buildings that were covered under the policy. Each subsequent renewal of the policy thereafter did not provide any windstorm coverage for the business personal property owned by the plaintiffs.

Mr. Guidry testified by way of deposition that he trusted Mr. Ward, and that he had given him authority to act on his behalf to obtain the insurance coverage that he needed. However, he testified that he never read any of his insurance policies, and he never read any of the declaration pages for the policies. Regarding the evacuation plan, Mr. Guidry testified that he and Mr. Ward discussed an evacuation plan, but Mr. Ward advised him not to move a lot of items to another location because the insurance was only on certain premises. Mr. Guidry testified that this lead him to believe that he was covered.

Mr. Guidry also relies on a conversation that he had with Mr. Ward after Hurricane Katrina and prior to Hurricane Rita where Mr. Ward advised him that he "had full hurricane coverage for the buildings and business personal property of Dupont Building, Inc." However, Mr. Ward does not acknowledge this conversation. Mr. Guidry also relies on conversations with Mr. Ward after Hurricane Rita. He stated that Mr. Ward informed him that he had coverage on his business personal property. Further, that they traveled to Cameron together shortly after Hurricane Rita to inspect the damages and discussed making a claim. Mr. Ward testified that he believed at the time he accompanied Mr. Guidry to

---

[1] Ward further indicated that Guidry originally rejected both wind and flood coverage. It is undisputed that Guidry did not have flood coverage at the time of Hurricane Rita.

Cameron, that the business personal property was covered. It was only later when his computers were up and running that he reviewed the policy and realized that there was a windstorm exclusion on the business personal.

The inquiry for the court is when Dupont Building knew or should have known of the alleged actions, omissions or neglect. Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 1 [Cir.] 2/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La.App. 2 Cir 1985)); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989). *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 458 F.Supp.2d 276, 280 (E.D.La.,2006). In general renewals of insurance policies do not operate to restart peremption. *Fidelity Homestead Ass'n v Hanover Ins. Co.*, 458 F.Supp.2d 276 (2006)

Plaintiffs rely on the case of *Louisiana Home Builders Ass'n Self-Insurers' Fund v. Adjustco, Inc.*, 633 So.2d 630 (La.App. 1 Cir. 1993), *writ denied*, 94-234 (La. 3/18/94), 634 So 2d 857, for the proposition that it had no duty to read or examine the policy because they had a close trusting relationship with Mr. Ward. However, in *Louisiana Home Builders,* the plaintiffs had a close, trusting relationship with defendant, they relied on defendant for insurance expertise and they paid defendant for this expertise. *Id.* at 635. Here, although Mr. Guidry and Mr. Ward each testified that they were good friends, Mr. Guidry did not seek out Mr. Ward for his insurance expertise, he was mandated to use Mr. Ward under the contract with Jim Dupont. Further, Mr. Ward was not hired as an insurance consultant to advise plaintiffs on the insurance coverages they needed. He was an agent who worked off commission.

Defendants rely on the recent Louisiana Supreme Court case of *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352 (La. 7/6/10). In that case, the Supreme Court in finding that the agent did not breach a duty owed to the plaintiff stated the following:

> An agent has a duty of reasonable diligence to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs. It is also well settled that it is insured's obligation to read the policy when

received, since the insured is deemed to know the policy contents. *Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 359.

Based on the above language, defendants argue that it was up to Mr. Guidry to request the coverages that he needed and that he had an obligation to read the policy[,] which he readily admitted that he did not do. Defendants argue that since Mr. Guidry failed to read his policy[,] he is deemed to know the contents of the policy based on the *Isidore* case.

Similarly, the Western District Court, in finding that plaintiffs had failed to state a claim against State Farm, stated:

In sum, agents do not have a duty to independently assess insureds' needs and recommend coverage. Similarly, agents do not have a duty to advise clients whether they are underinsured. Clients, not agents, are responsible for reading their policies and communicating their insurance needs. *Cameron Parish School Bd. v. State Farm Fire and Cas. Co.*, 560 F.Supp.2d 485,489 (W.D.La., 2008).

The critical time frame here is when the Fulcrum policy expired and when Mr. Ward obtained insurance through another provider which did not contain windstorm coverage for the buildings and contents. Once Jim Dupont made the parties aware that there was no windstorm coverage on the buildings, the parties should have been aware that there was no windstorm coverage on the business personal property. The subsequent renewals of the policy did not restart peremption. Plaintiffs had knowledge or should have had knowledge between March 1, 2002 and June 13, 2002, that it did not have windstorm coverage on its business personal property. Thus, plaintiff's suit filed on September 18, 2006, is untimely as it occurred more than one year from the date plaintiffs knew or should have known that the policy did not contain windstorm coverage on the business personal property and more than three years from the alleged act, omission or neglect.

Our review convinces us that the trial court correctly addressed the issues in this case and correctly dismissed the matter pursuant to Defendants' exception of prescription. Having so found, we need not consider Defendants' answer to the appeal.

5

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff, Dupont Building, Inc.

**AFFIRMED.**